(No. 16060.—Reversed and remanded.)

THE AMERICAN GEAR COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES DESALVO, Defendant in Error.)

*Opinion filed October 28, 1924.*

WORKMEN'S COMPENSATION—*when attorney for insurance company is entitled to notice of arbitrator's decision—review.* Notice of the arbitrator's decision sent to attorneys for an insurance company which had taken over the employer's liability insurance subsequent to the date of the claimant's injury is not sufficient to bind the attorney for the company which carried the insurance at the time of the injury, and where the latter attorney represented the employer at the hearing, time for filing a petition for review must be reckoned from the time said attorney receives notice of the arbitrator's decision.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

THOMAS C. ANGERSTEIN, and RICHARD P. GARRETT, for plaintiff in error.

DAVID LIPMAN, (SAMUEL LATKIN, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

James DeSalvo on January 25, 1922, filed an application for the adjustment of a claim for compensation from the American Gear Company on account of an injury received on October 6, 1921. A notice of filing the claim and the date of hearing was sent to the employer on January 28, 1922, and on February 7 a memorandum of names and addresses for service of notices was filed by the Illinois Manufacturers' Casualty Association, designating Fyffe & Clarke as such agents or attorneys. At the hearing on March 27, (Fyffe & Clarke, through P. C. Klohr, appearing for the employer,) the applicant, appearing by his attorney,

amended the petition, changing the date of the accident from October 6, 1921, to March 24, 1921. Prior to July 1, 1921, and on March 24, 1921, the insurance carrier for the American Gear Company was the Republic Casualty Company, while subsequent to July 1, and on October 6, 1921, the carrier was the Illinois Manufacturers' Casualty Association. Fyffe & Clarke were attorneys for the latter association. For that reason their names appear as agents and attorneys for the service of notices. They were not attorneys for the Republic Casualty Company, and when the petition was amended so as to be based upon an injury received on March 24, 1921, their interests did not extend to such injury and they were not authorized to represent the employer, the American Gear Company. The hearing was therefore continued to April 24, 1922, to enable the American Gear Company to be represented, when Klohr again appeared, as well as R. P. Garrett, who was the attorney of the Republic Casualty Company. Neither insurance company was made a party to the petition, and the appearance of the attorneys in behalf of the employer was because of the contracts of insurance of the respective companies. At the hearing testimony was introduced of an accident occurring on March 24, 1921. Garrett cross-examined the witnesses, and when testimony of a further injury occurring on October 6, 1921, was offered, Klohr objected and the testimony was rejected. On April 29 an award was made of $3500 as compensation for the injury of March 24, 1921. Notice of this decision was sent by the commission on May 5, 1922, to the American Gear Company through Fyffe & Clarke. The record shows a receipt of this notice by A. J. Smith, but there is nothing to show his authority or that he had any connection with the matter. Fyffe & Clarke had no authority, by virtue of the contract of the Illinois Manufacturers' Casualty Association, to represent the American Gear Company in regard to any accident occurring prior to July 1, 1921, and did not represent it,

though the notice of the award was sent to them.  No notice was sent to Garrett, who did represent the American Gear Company by virtue of the contract of the Republic Casualty Company, until June 2, 1922, and on June 3, the day after the receipt of the notice, he filed with the commission a petition for review of the arbitrator's decision. At the hearing on review, counsel for the claimant objected to proceeding with the hearing on the ground that more than fifteen days had elapsed since the notice of the award of the arbitrator had been received by the employer before the petition for review was filed.  The claimant argued that Fyffe & Clarke were the attorneys of record for the employer and that service of notice on them was sufficient. The objection was overruled, the cause was heard and the award of the arbitrator was reduced to $13 a week for 55 weeks, only.  The claimant sued out a writ of error from the circuit court of Cook county, and that court made a finding that the employer was served with notice of the decision of the arbitrator on May 8, 1922, and that the petition for review was not filed within fifteen days thereafter, and therefore the record of the Industrial Commission upon review was quashed, its decision set aside and the decision of the arbitrator was affirmed.  On the petition of the employer a writ of error was awarded to review the judgment of the circuit court, and the only question presented is whether the petition for review was filed within the fifteen days required by the statute.

It appears from the record that Fyffe & Clarke had no authority to represent the American Gear Company for any accident occurring prior to July 1, 1921, and they did not pretend to do so but repudiated any such authority.  It was because they did not represent the American Gear Company in the litigation that the hearing of March 24 was continued to April 27 to enable the gear company to be represented. At the hearing on April 27 the gear company was represented by Garrett.  A stenographic report of the proceed-

ings shows that Garrett appeared and Klohr appeared. It further shows that Klohr first asked to withdraw his appearance, but after some discussion he stated that he did not see any harm in letting his appearance stand and therefore withdrew his motion, and the arbitrator stated: "Then the record, as it now stands, shows that you do represent the respondent?" and Klohr answered, "Along with Mr. Garrett; yes." During the hearing Klohr took part in the proceedings only to object to the introduction of any evidence in regard to an accident on October 6, while Garrett conducted the defense against the claim of March 24. It is clear that as to the claim which was the subject matter of this petition, Garrett, only, was the attorney of the American Gear Company. He was entitled to receive notice of the award. The notice sent to Fyffe & Clarke, who had no interest in the subject matter of the litigation, was of no effect, and it was not until notice was served upon Garrett, the only authorized agent or attorney of the American Gear Company, that the fifteen days began to run within which the petition for review was to be filed. It was filed within that time, and the circuit court erred in finding that the petition for review was not filed within the proper time.

The plaintiff in error was entitled to have the decision of the arbitrator reviewed by the commission, and the circuit court erred in quashing the record of the commission without reviewing its judgment on the merits.

The judgment is reversed and the cause remanded, with directions to the circuit court to proceed to a hearing of the questions presented by the record.

*Reversed and remanded, with directions.*