(No. 21544.—■)

MARY STREBING *et al.* Plaintiffs in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.* —(THE GENERAL REFRAC-
TORIES COMPANY *et al.* Defendants in Error.)

*Opinion filed February 23, 1933—Rehearing denied April 5, 1933.*

S. F. SCHECTER, and J. R. DEAN, for plaintiffs in error.

GUNN, PENWELL & LINDLEY, and McKENNA & HARRIS, (JAMES J. McKENNA, ABRAHAM W. BRUSSELL, and HAROLD F. LINDLEY, of counsel,) for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Mary Strebing, administratrix of the estate of Edward Strebing, deceased, filed an application with the Industrial Commission charging that her intestate suffered an accidental injury while employed by the General Refractories Company, a corporation; that the injury resulted in the death of the intestate and that he left certain persons dependent upon his earnings for support. The prayer of the application was for the adjustment of compensation for the injury. The arbitrator found that the decedent left no persons dependent upon him for support, but required the respondent to pay $300 into a special fund in the custody of the State Treasurer as prescribed by paragraph (e) of section 7 of the Workmen's Compensation act. The decision of the arbitrator was sustained by the Industrial Commission. The circuit court of Vermilion county issued a writ of certiorari and a transcript of the proceedings before the commission was filed as a return to the writ. The respondent entered its limited appearance in the circuit court and made a motion to quash the writ of certiorari. The motion was granted, and in obedience to a writ of error allowed by this court, a transcript of the record is submitted for a further review.

The applicant for compensation was represented by Elmer O. Furrow, an attorney at law, and the latter was designated in the application as the person upon whom all notices of proceedings in the matter should be served. A written notice of the arbitrator's decision was sent to attorney Furrow by registered mail, and a receipt for the notice, signed in the attorney's name by G. L. Dietz, his agent, was received at the office of the Industrial Commis-

sion. The same attorney later filed a petition for a review of the arbitrator's decision. Notice of the time and place of the hearing on review was received by attorney Furrow. Upon this hearing John R. Dean, another attorney at law, conducted the examination of the witnesses called by the original applicant and three other persons who were added as co-applicants. A notice of the decision of the Industrial Commission was mailed to attorney Furrow and a receipt for that notice, signed in the name of Furrow, by F. M. Porter, his agent, was received at the office of the Industrial Commission on December 3, 1930. No action was taken within twenty days from the receipt of this notice to obtain a review of the record by the circuit court upon a writ of *certiorari*. On January 15, 1931, however, J. R. Dean, by Grace Golden, his agent, acknowledged the receipt of a notice of the decision on review and that receipt was filed in the office of the Industrial Commission. Two weeks later on January 29, 1931, Dean filed a *præcipe* for a writ of *certiorari* in the office of the clerk of the circuit court of Vermilion county. The writ was issued, and, as a return thereto, a transcript of the proceedings before the Industrial Commission, certified by its secretary as true and complete, was filed in the office of the clerk of the circuit court on March 13, 1931.

Subsequently, on May 19, 1931, the respondent entered its limited appearance in the circuit court and made a motion to quash the writ of *certiorari* for the want of jurisdiction, asserting among other grounds, that the suit had not been instituted within twenty days after the applicant's attorney of record received the notice of the Industrial Commission's decision. A decision upon the motion was reserved. On December 31, 1931, the respondent moved that the transcript of the record be sent to the Industrial Commission for the purpose of including in it a copy of attorney Furrow's receipt for the Industrial Commission's decision on review and that the commission be directed to

return the transcript so amplified without unnecessary delay. The motion was granted on the day it was made. Finally, on March 28, 1932, the motion of the respondent to quash the writ of *certiorari* for the want of jurisdiction was also granted and the proceeding was dismissed.

The plaintiffs in error contend that they caused the *præcipe* for the writ of *certiorari* to be filed in the office of the clerk of the circuit court within the time required by the statute and that the circuit court therefore erred in quashing the writ. Sub-paragraph (1) of paragraph (*f*) of section 19 of the Workmen's Compensation act provides, among other things, that the circuit court of the county where any of the parties defendant may be found shall, by writ of *certiorari* to the Industrial Commission, have power to review all questions of law and fact presented by the record, and that such suit shall be commenced within twenty days of the receipt of notice of the decision of the commission. With respect to the service of notice, paragraph (*i*) of the same section provides that each party, upon taking any steps or proceedings whatever before an arbitrator, committee of arbitration, Industrial Commission or court, shall file with the commission his address, or the name and address of an agent upon whom all notices to be given shall be served, either personally or by registered mail.

The writ of *certiorari*, by which the circuit court is given jurisdiction to review the decisions of the Industrial Commission in compensation cases, is not the common law writ of *certiorari* but is a writ solely of statutory creation. The powers which the circuit court may exercise by virtue of that writ are merely the powers which the Workmen's Compensation act confers. A party who seeks a review by the circuit court of the commission's decision in such a case must comply with all the conditions prescribed by the act. *Levy* v. *Industrial Com.* 346 Ill. 49; *Kudla* v. *Industrial Com.* 336 id. 279; *Nierman* v. *Industrial Com.* 329

id. 623; *Moweaqua Coal Co.* v. *Industrial Com.* 322 id. 403; *Central Illinois Public Service Co.* v. *Industrial Com.* 293 id. 62; *People* v. *McGoorty*, 270 id. 610.

· The administratrix in this case requested, in her original application, that all notices of proceedings be served personally or by registered mail upon Elmer O. Furrow, her attorney, and the latter's address was given. Attorney Furrow did not withdraw from the case, and no other agent or attorney was designated for the service of notices. A notice to any person other than the agent or attorney named of record for that purpose would not be a compliance with the statute; and, with respect to the period within which the proceeding to review the record of a cause before the commission must be instituted, such a notice would be wholly ineffective. The giving of a second notice to an attorney not designated to receive it, does not fix anew the beginning of that period already partially elapsed by the prior service of a notice upon the attorney thereunto appointed in accordance with the act. The rights of the parties having been fixed by the proper service of a notice upon the agent designated, the subsequent voluntary act of the commission cannot nullify the provisions of the statute. Attorney Furrow received notice of the commission's decision on December 3, 1930. The *præcipe* for a writ of *certiorari* was not filed until January 29, 1931, or more than twenty days after notice of the decision of the commission had been given to him. Upon the expiration of twenty days from the date of the receipt of the notice by the attorney named of record for that purpose, no application for a writ of *certiorari* having been made, the decision of the Industrial Commission became final and conclusive. *Kudla* v. *Industrial Com.* 336 Ill. 279; *Friedman Manf. Co.* v. *Industrial Com.* 284 id. 554.

The plaintiffs in error answer that the case of *American Gear Co.* v. *Industrial Com.* 313 Ill. 427, supports their contention that the twenty-day period for the filing of a

*præcipe* for a writ of *certiorari* should be computed from the time John R. Dean received the notice of the Industrial Commission's decision. The injured employee, in the case relied upon, suffered two accidental injuries, one on March 24, 1921, and the other on October 6, 1921. Application for the adjustment of compensation for the second injury was made, but later the application was amended to claim compensation only for the earlier injury. On October 6, 1921, the employer was insured by a certain casualty association against accidental injuries and the latter's attorneys were named in the original application as agents for the service of notices. Prior to July 1, 1921, and on March 24 of that year, when the first injury was suffered, the employer carried such insurance in another company. The two insurance companies were not represented by the same attorneys. When the application was amended, the hearing was postponed to enable the employer to be represented by the attorney for the company which had insured the employer against liability for the earlier injury. The attorney for that company appeared and contested the claim made by the amended application. Obviously, notice of the arbitrator's award of compensation upon the amended application for the accidental injury suffered on March 24, 1921, served upon the attorneys whose engagement concerned solely the claim for compensation, made by the original application, for the injury sustained on October 6, 1921, could not fix the beginning of the period allowed for the filing of a petition to review the arbitrator's decision upon the amended application. In the present case there was no substitution of one distinct claim for another. The compensation demanded throughout this proceeding was for the same accidental injury. The fact that an attorney other than the one designated to be served with notices conducted the examination of a party's witnesses before the Industrial Commission would not charge the commission with notice of a change of that party's

agent or attorney for the service of notices. Until such a substitution was made to appear of record, the original designation would control and the commission would continue to observe it. *Jacobson* v. *Ashkinaze,* 337 Ill. 141; *Hollan* v. *Kepner,* 297 id. 332.

It is also contended by the plaintiffs in error that after the writ of *certiorari* was issued, the transcript of the record of the proceedings before the Industrial Commission was returned to the commission for correction; that after the correction was made the transcript was not re-filed in the circuit court, and that the subsequent order quashing the writ of *certiorari* was therefore void. The correction sought was the inclusion in the transcript of the receipt by Elmer O. Furrow, dated December 3, 1930. The transcript of the record of the proceedings before the Industrial Commission includes the particular receipt, and the secretary of the commission certified that the transcript was correct and complete. When the motion to quash the writ of *certiorari* was argued, the transcript was treated as properly filed by the attorneys for the respective parties. The record of the Industrial Commission in a workmen's compensation proceeding is presumed to speak the truth, and the reviewing court must act upon the transcript of the record as certified. (*Ridge Coal Co.* v. *Industrial Com.* 298 Ill. 532). Likewise the record of the circuit court imports absolute verity and is the sole, conclusive and unimpeachable evidence of the proceedings in that court. (*People* v. *Kuhn,* 291 Ill. 154; *Wolf* v. *Hope,* 210 id. 50; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 68 id. 576). Upon the transcript of the record submitted, the circuit court properly quashed the writ of *certiorari.*

The order of the circuit court is affirmed.

*Order affirmed.*