GULLIFORD v. AMERICAN GEAR & MANFG. CO.

1. WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS—REPORTS.
   Statute of limitations of workmen's compensation act does not
   run against claim by an employee for injuries until proper
   report required by statute is filed, where employer has notice
   of accident (2 Comp. Laws 1929, § 8431).

2. SAME—REPORTS—QUESTION OF FACT.
   Question of whether or not report of an accident was made is
   one of fact and finding thereon by department of labor and
   industry that no report to it was made is conclusive upon the
   Supreme Court in the absence of fraud (2 Comp. Laws 1929,
   § 8451).

3. SAME—CORPORATIONS—EQUITY.
   Question of whether or not corporation which owned all but the
   officers' qualifying shares of stock of employer corporation
   and upon dissolution of latter acquired all its assets is the
   same business company is a question of fact for a chancery
   court to determine and not for department of labor and
   industry.

4. SAME—CORPORATIONS—DISSOLUTION.
   Employee of company, all of the stock of which, except qualify-
   ing shares for officers, was owned by a second corporation
   which, upon dissolution of first company, acquired all its
   assets and employee thereafter continued to work at same
   place for second corporation held, not entitled to recover com-
   pensation from second corporation in proceedings before de-
   partment of labor and industry for injury received while an
   employee of first company (2 Comp. Laws 1929, § 8437).

Appeal from Department of Labor and Industry.
Submitted June 10, 1936. (Docket No. 29, Calendar
No. 38,952.) Decided September 2, 1936.

Thomas Gulliford presented his claim for acci-
dental injuries against American Gear & Manufac-
turing Company and Hupp Motor Car Corporation.
From award to plaintiff, defendants appeal. Af-
firmed as to defendant American Gear & Manufac-
turing Company. Reversed as to Hupp Motor Car
Corporation.

*Beaumont, Smith & Harris,* for defendants.

BUSHNELL, J.  On May 7, 1929, while in the employ of American Gear & Manufacturing Company, plaintiff suffered an accidental injury, resulting in a right inguinal hernia.  He was instructed by the company's first aid attendant, Harold W. Van Etten, to see Dr. Schaeffer, who examined him on May 11th and whose office notation shows "advised surgery."  Dr. Schaeffer did not see Gulliford again until December 29, 1934, when he found the hernia much larger and supported by a truss.  Van Etten admitted notice of the accident, but says plaintiff lost only one or two days from his work and that a noncompensable report of the accident was sent to the department of labor and industry.  The files and records of the department do not show that the report was ever received.

The American Gear & Manufacturing Company was dissolved on July 24, 1930, by expiration of its charter and sale of its assets.  Defendant Hupp Motor Car Corporation, who owned the capital stock, except the qualifying shares of the officers, purchased all of its assets.  Plaintiff continued in the employ of the Gear & Manufacturing Company until its dissolution and thereafter remained in the employ of Hupp, at the same place of business, until the plant was closed in December, 1932.

Plaintiff's notice and application for adjustment of claim was filed on December 11, 1934.  He was denied compensation, after a hearing before the deputy commissioner on March 28, 1935, for failure to make his claim within the statutory period.  An appeal was taken by plaintiff but none of the parties filed briefs.  Upon review of the testimony, the department entered an order for the payment of $18 a week for partial disability from December 29, 1934.

Both defendants were granted leave to appeal in the nature of certiorari. Appellee has not filed a brief. The finding of the department, that plaintiff suffered an accidental injury, made an unequivocal claim therefor, and is 75 per cent. disabled, is supported by testimony.

If a proper report was filed by the employer, plaintiff's claim is barred by the statute of limitations, but if the employer did not file the report required by the provisions of the act, the statute does not begin to run until such report is filed. 2 Comp. Laws 1929, § 8431. *Tinney* v. *City of Grand Rapids,* 274 Mich. 364, and *Hirsch* v. *Federal Steel Corp.,* 274 Mich. 406.

The opinion of the department states:

"Mr. Van Etten claims that he made a report of the accident as a noncompensable one at the time the plaintiff first came to see him. That report was not found, nor is there anything in the testimony to substantiate the bare statement. If the accident were reported, as claimed, then the statute of limitations contained in part 2, § 15, of the workmen's compensation act (2 Comp. Laws 1929, § 8431) applies. But the mere unsupported statement is not a sufficient basis from which to find that such report was made."

The question of whether or not a report was filed is one of fact and, "the findings of fact made by said industrial accident board * acting within its powers, shall, in the absence of fraud, be conclusive," etc., 2 Comp. Laws 1929, § 8451.

We again quote:

"The most serious contention of all made by the defendant is that the employee's immediate employer, the American Gear & Manufacturing Com-

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

pany, was dissolved on July 8, 1930, and that the defendant, Hupp Motor Car Corporation, acquired the assets thereof sometime afterward. It is further shown that the insurance company, The Public Casualty Company, which carried the risk of the defendant American Gear & Manufacturing Company was succeeded by the Pennsylvania Insurance Company which is now in liquidation. It is axiomatic that an award, which is unenforceable, is a useless thing. However, the unenforceability of an award is not a question within the jurisdiction of this commission. The second sentence of part 2, § 21 of the workmen's compensation act (2 Comp. Laws 1929, § 8437) is pertinent to the present consideration:

" 'In case of insolvency every liability for compensation under this act shall constitute a first lien upon all property of the employer liable therefor, paramount to all other claims or liens except for wages and taxes, and such liens shall be enforced by order of the court.'

"The defendant, Hupp Motor Car Corporation, acquired the assets of the American Gear & Manufacturing Company. It is proper that an award should run against it."

The opinion of the department was filed February 13, 1936. On March 2, 1936, we decided *Sampson* v. *Michigan Copper & Brass Co.,* 274 Mich. 592, and consequently the department did not have the benefit of our views on a somewhat comparable set of facts. In the *Sampson Case* we affirmed an award against the employer, Michigan Copper & Brass Company, and vacated awards against Revere Copper & Brass, Inc., which had purchased the assets of the former corporation and assumed its liabilities, saying:

"Whether it is in point of fact the same business company is a question solely for a chancery court to determine."

In view of the holding in the *Sampson Case,* the award against Hupp Motor Car Corporation is vacated, but the award against defendant American Gear & Manufacturing Company is affirmed. Hupp Motor Car Corporation may have costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.