CORNISH v. JACKSON & TINDLE, INC.

1. Workmen's Compensation—Filing of Claim—Statute of Limitations.

Claim for compensation for injury to eye, made over five years after accident occurred, *held*, barred by statute, where employer had filed report of noncompensable accident about two weeks thereafter and plaintiff worked steadily while mill was open for over five years (2 Comp. Laws 1929, § 8431).

2. Same—Report of Noncompensable Accident—Record—Finding by Department.

Record in proceeding for workmen's compensation for injury to eye which is duly certified as containing various documents and reports, including report of noncompensable accident filed about two weeks after accident occurred, *held*, to require reversal of finding by department of labor and industry that no report had been filed where record affords inference that such report was not attached to department's file until after entry of department's order since its finding stands unsupported and in contradiction to the report.

3. Same—Record on Appeal—Reports.

Supreme Court is bound by record presented on appeal in nature of certiorari from department of labor and industry and where record is duly certified as containing report of noncompensable accident, filed about two weeks after accident, this court is not at liberty to disregard report or speculate as to its whereabouts prior to the time it became attached to department's file, a time after the department had made its findings (2 Comp. Laws 1929, § 8456).

4. Same—Finding by Department—Evidence.

Finding of fact made by the department of labor and industry which is totally unsupported by the evidence must be rejected by the Supreme Court on appeal in nature of certiorari and the law applied to the undisputed controlling evidence presented by the record.

Appeal from Department of Labor and Industry. Submitted June 14, 1938.   (Docket No. 106, Calendar No. 40,053.)   Decided October 3, 1938.

Fay Cornish presented his claim against Jackson & Tindle, Inc., employer, and Lumbermens Mutual Casualty Company, insurer, for compensation for accidental injury sustained while in defendant's employ.   Award to plaintiff.   Defendants appeal. Award vacated.

*Richard E. O'Brien* (*Fred L. Warner,* of counsel), for plaintiff.

*Glenn W. Jackson* (*Kelley, Sessions, Warner & Eger,* of counsel), for defendants.

Chandler, J.   Plaintiff sustained an injury to his left eye on January 26, 1932.   Although he received medical treatment therefor and was inconvenienced by the injury, he continued to work until June, 1932, at which time defendant's mill was closed.   It reopened in the fall of that year and plaintiff resumed his former employment, continuing to be so employed until the mill was again closed in 1934.   He was re-employed at the same work on December 7, 1936, and worked steadily from that date until March 31, 1937, when he voluntarily quit because his eye had become so troublesome that he was fearful of seriously injuring himself due to the hazards of his work and the impairment of his vision.

On April 19, 1937, he instituted these proceedings before the department of labor and industry to secure compensation and following hearing received an award of $12 per week from April 1, 1937, until the further order of the department.

It is conceded that plaintiff made no claim for compensation prior to April 19, 1937. His claim, therefore, is barred by the provisions of 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165) unless, as he contends, the employer failed to file a report of accident as provided by 2 Comp. Laws 1929, § 8456 (Stat. Ann. § 17.191). See, also, *Tinney* v. *City of Grand Rapids*, 274 Mich. 364; *Hirsch* v. *Federal Steel Corp.*, 274 Mich. 406; *Gulliford* v. *American Gear & Manfg. Co.*, 277 Mich. 42.

The opinion of the department states,

"The defendant insists that the claim of the plaintiff for compensation was not made within the required statutory period. The records of this department show that no report of accident in question was ever received from the defendant company."

This constituted a finding of fact that no report of the accident was filed. *Gulliford* v. *American Gear & Manfg. Co., supra.* However, the record certified to this court contains a report of noncompensable accident and recites that it was "received Feb. 10, 1932, Dept. of Labor and Industry, Lansing, Mich." It is to be inferred from the records and briefs that this report was not attached to the department's file in the case until February 23, 1938, subsequent to the entry of its order upon appeal from the award of the deputy commissioner. Plaintiff contends that under these circumstances the mentioned report cannot be considered by this court in disposing of this appeal.

We are, however, bound by the record presented which also contains the certification of the proper officer of the department "that the attached documents and records are correct copies of the original documents and records filed in said cause," and are

not at liberty to disregard the presence of the report as a part of the record certified or speculate as to the circumstances surrounding its whereabouts prior to the time it became attached to the department's file.   See *Klum* v. *Lutes-Sinclair Co.*, 236 Mich. 100; *Strebing* v. *Industrial Commission,* 351 Ill. 627 (184 N. E. 886).

Accepting the record as certified, the finding of fact made by the department that a report of accident was not filed as required by the statute stands unsupported and in direct contradiction to the report itself, which, from the recitals therein contained, appears to have been filed shortly after the accident occurred.   Where a finding of fact is thus made which is totally unsupported by the evidence, it must be rejected by this court upon review and the law applied to the undisputed controlling evidence presented by the record.   It must therefore be concluded that plaintiff's claim was barred by the provisions of 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).

The award is vacated, with costs to appellants.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.