CAPATANOS *v.* AERO RESTAURANT.

1. Workmen's Compensation—Relation of Employer and Employee Essential to Recovery.

   The relation of employer and employee must be either admitted or proved in order that recovery may be had under the workmen's compensation act.

2. Same—Change of Employers Operating Business—Insurance—Termination of Coverage.

   Plaintiff *held,* not entitled to recover workmen's compensation for accidental injuries to thumb and finger from insurer of his former employers, where it is undisputed they had sold partnership business to plaintiff's new employers previous to time of accidents, restaurant business was continued under same assumed name and that latter had had no contractual relations as to insurance with the insurer nor elected to become subject to the act; notwithstanding insurer did not file notice of termination of coverage until after both accidents had occurred (2 Comp. Laws 1929, §§ 8411, 8412, 8460).

Appeal from Department of Labor and Industry. Submitted June 6, 1939. (Docket No. 22, Calendar No. 40,505.) Decided September 5, 1939.

Peter Capatanos presented his claims against Aero Restaurant, employer, and Indemnity Insurance Company of North America, alleged insurer, for compensation for accidental injuries sustained in defendant's employ. Award to plaintiff. Defendant insurer appeals. Reversed as to appellant.

*Dann & Atlas,* for plaintiff.

*Ronald R. Weaver* and *James R. Breakey, Jr.,* for defendant and appellant.

BUSHNELL, J.  Plaintiff, while employed as a chef in the Aero Restaurant, accidentally injured his left thumb on December 17, 1936.  He returned to work on January 10, 1937, and on the same day his second left finger was cut in a meat grinder.  He did not work again until the 19th of April, 1937.  Plaintiff filed a notice and application for adjustment of claim on each injury.  The deputy commissioner granted an award of $18 per week for total disability for the first injury from December 17th to January 7th, less one week, and the same amount for the second from January 10th to April 19th, together with medical and hospital expenses totaling $51 for the January 10th injury.  Both awards were sustained by the department of labor and industry and defendant insurance company was granted leave to appeal.

Before the matter was heard by the deputy commissioner, appellant appeared and moved to dismiss plaintiff's claims so far as the insurance company was concerned, claiming that, in June of 1936, Peter, James and Louis Serakos, who had previously organized the Aero Restaurant, sold and transferred all their interest in the business to Gabriel Miller, and that on the dates of the respective accidents plaintiff was not in the employ of either or any of the Serakos, and that the insurance company had never entered into any agreement or undertaking with Ernest Savas and Gabriel Miller, who plaintiff claimed in his first notice were his employers.  Plaintiff answered the motion neither affirming nor denying its allegations, claiming to be without sufficient knowledge, and that, so far as he was concerned, he was always working for the Aero Restaurant and that the records of the department showed that the Indemnity Insurance Company of North America was still liable for any compensation that may be awarded against the Aero Restaurant.  Savas and

Miller also moved to dismiss as to them, claiming they had never elected to become subject to the provisions of the workmen's compensation act as defined in 2 Comp. Laws 1929, §§ 8411, 8412 (Stat. Ann. §§ 17.145, 17.146).

At the hearing before the deputy commissioner no one appeared for the Serakos brothers, but Louis Serakos was present as a witness for defendants. He previously filed an affidavit stating in substance that James and Peter Serakos and himself organized the restaurant, that it was a partnership in fact, although James was shown as the sole owner of the business; that Peter acted as chef and he acted as manager, and when the business was sold in June of 1936, to Miller, they "retained absolutely no interest in the business whatsoever." The several motions to dismiss were denied by the deputy commissioner.

It is to be noted that the award only runs against the Aero Restaurant and defendant insurance company, and that the record does not contain a copy of the assumed name certificate required to be filed with the county clerk in accordance with 2 Comp. Laws 1929, § 9825 et seq. (Stat. Ann. § 19.821 et seq.). Upon review, the department called attention to the fact that both plaintiff and Miller seemed to have a lapse of memory as to whether or not plaintiff was informed by Miller that he was the new owner of the restaurant.

The department's files show that defendant insurance company filed an insurer's certificate on the Aero Restaurant on February 10, 1932, and a notice of termination (2 Comp. Laws 1929, § 8460 [Stat. Ann. § 17.195]) of their coverage on April 2, 1937, which became effective April 12, 1937, the date of termination being subsequent to both accidents. The files also show that the Aero Restaurant filed an employer's acceptance on February 10, 1932, signed in

the name of the restaurant by Louis Serakos as manager.  The opinion of the department says when Mr. Miller became the owner of the Aero Restaurant neither he nor its insurer took any affirmative action to terminate the acceptance of the workmen's compensation act by the Aero Restaurant.  In affirming both awards, the department said:

"The acceptance of the act by the Aero Restaurant created a contractual relationship between it and its employees.  This relationship continued until the Aero Restaurant's acceptance was revoked by the department.  When Mr. Miller purchased the restaurant from the Serakos Brothers, he must be considered to have assumed the outstanding contractual obligations.  One of these obligations was the acceptance of the provisions of the workmen's compensation act by the Serakos Brothers.  When Mr. Miller or the insurer of the Aero Restaurant having failed to notify the department of the termination of the acceptance of the Aero Restaurant to be subject to the workmen's compensation act, the subsequent owner of the Aero Restaurant must be deemed to have accepted the workmen's compensation contract of the Aero Restaurant."

*Adams* v. *McKay,* 229 Mich. 670, *Bredeweg* v. *First State Bank of Holland,* 280 Mich. 247 (111 A. L. R. 323), and others are cited in support of plaintiff's argument.  In the *Adams Case* the policy ran to Baker and McKay, copartners.  McKay purchased Baker's interest and continued the business under the same name, plaintiff's decedent thereafter becoming an employee.  The partnership did not withdraw its acceptance of the act and the court held the partners and the insurer liable because "the business was conducted and it was regarded by employer and insurer, as being under the act upon said acceptance."  This conclusion is supported by facts recited in the court's opinion.  Such facts are not

shown in the instant case. The *Bredeweg Case* is one involving a watchman employed by three banks, who were joint mortgagees, and the liability of their receiver and conservator, an obviously different situation. Nor is this a case where, upon dissolution of a corporation, the parent corporation took over its assets, *Guilliford* v. *American Gear & Manfg. Co.*, 277 Mich. 42, or one involving which of two insurers is liable, *Koopmans* v. *Parsons,* 250 Mich. 464, and *Phillips* v. *County of Iron,* 273 Mich. 157.

It is fundamental that the relation of employer and employee must be either admitted or proved in order that recovery may be had under the compensation act, *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich. 675. The Aero Restaurant could not be the employer. Plaintiff's employer was either Peter, James and Louis Serakos, doing business as the Aero Restaurant, or Ernest Savas and Gabriel Miller or either of them, doing business as the Aero Restaurant. It is undisputed that the Serakos brothers sold their business to Miller in June of 1936, some months before either of the injuries were suffered by plaintiff. It is also undisputed that defendant Indemnity Insurance Company of North America never had any contractual relationship of any sort with Savas and Miller or either of them, doing business as the Aero Restaurant, plaintiff's employer or employers at the time of the respective accidents.

The awards cannot be affirmed as to the sole appellant, Indemnity Insurance Company of North America, the insurer of James, Peter and Louis Serakos, doing business as the Aero Restaurant. The award is vacated as to defendant insurance company, with costs.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.