FARMERS NATIONAL GRAIN CO. et al. v. GARDNER et al.

No. 29852.    April 15, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 971.*

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, for petitioners.

Falkenberg & Curran, of Enid, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Farmers National Grain Company, employer, and the Maryland Casualty Company, insurance carrier, hereinafter referred to as petitioners, to vacate an award made to Lewis W. Gardner, respondent.

On the 1st day of April, 1938, respondent was seriously burned when he lighted a fire with kerosene in his feed store at Quinlan, Okla. On the 16th day of February, 1939, a hearing was conducted before Peyton Ford, inspector, at Enid, Okla., following which, on July 21, 1939, the State Industrial Commission entered its order denying an award. This order was set aside on the 11th day of October, 1939, and on January 24, 1940, a further hearing was conducted, following which, on April 19, 1940, the State Industrial Commission entered its present order finding that on April 1, 1938, the respondent sustained an accidental injury arising out of and in the course of the employment with the Farmers National Grain Company, by reason of which the respondent is totally temporarily disabled. The extent of the disability is not at issue.

It is first claimed that the State Industrial Commission was without jurisdiction to vacate the order of July 21, 1939. With this contention we agree. The motion to vacate was filed September 16, 1939; following the motion to vacate, a hearing was conducted in which it was disclosed that copies of the order of July 21, 1939, were sent to the respondent and to his attorney, Willis Smith, on July 22, 1939. The copy of the order was mailed to the respondent at Quinton, Okla., whereas his home was at Quinlan. The envelope in which the order was contained was returned to the State Industrial Commission as unclaimed; and it is further disclosed by the record that this copy of the order was never delivered to the respondent. The copy of the order that

was mailed at the same time to Willis Smith reached the attorney for the respondent in due course, and it is conceded that he received it within ten days after the order was entered on July 21, 1939.

Section 13363, O. S. 1931, as amended, 85 Okla. St. Ann. § 29, provides that the order is final unless a proceeding is commenced to review the order or award within 20 days after a copy is sent to the parties affected. We have been unable to find a case in point. Only one case has been cited by either party which touches the proposition of mailing a notice to the attorney for the parties. In Strebing v. State Industrial Commission, 351 Ill. 627, 184 N. E. 886, the claimant had been represented by one attorney at the commencement of the proceeding. At one of the hearings a different attorney appeared for the claimant. The notice in question was sent to and received by the first attorney, who was shown by the records of the Industrial Commission of Illinois to be the attorney for the claimant. The Supreme Court of Illinois held that notice to the first attorney was proper. As stated above, this case is not directly in point. We are dealing with a statute that requires that a copy of the order or award be sent to the parties affected. By the amendment to section 13363, supra, 20 days is now allowed between the sending of the copy of the order and the proceeding to review the order or award in the Supreme Court. The matter on review is one of procedure and more or less of a technical nature. The Legislature did not require service of the order. Neither did it provide that the order had to be received by the parties affected. The method of notification was considered sufficient if sent to the parties affected. We hold that a reasonable construction is that the law is complied with when a copy is sent to and received by the duly constituted attorney for a party affected. He is the one assumed to be versed in the procedural requirements necessary to the protection of the party whom he represents. Several authorities dealing with the general proposition of notice to the attorney being notice to the client or party are cited and relied upon in the case at bar. They are enlightening in their field, but a citation thereof would not enhance the rule. We are of the opinion, and hold, where, as in the case at bar, a copy of the final order is sent to and received in due course by the attorney for the claimant while the said attorney still represents the claimant, the law has been complied with, and we therefore hold that the order of July 21, 1939, became final not later than August 21, 1939. The State Industrial Commission was without authority to vacate the order, and the proceeding is remanded to the State Industrial Commission, with directions to vacate the award of April 19, 1940, and the order of October 11, 1939, and reinstate the order of July 21, 1939.

Award vacated, with directions.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.