## MARKS *v.* COOPER.

1. WORKMEN'S COMPENSATION—RELATION OF EMPLOYER AND EM-
   PLOYEE ESSENTIAL TO RECOVERY.
   > The relation of employer and employee must be either admitted or
   > proved in order that recovery may be had under the workmen's
   > compensation act.

2. SAME—INSURANCE—TRANSFER OF BUSINESS.
   > Insurer of former employer was not liable for workmen's com-
   > pensation benefits to plaintiff employee, injured some months
   > following transfer of the ownership of the business to new em-
   > ployer and after it was being operated on the same premises
   > under a different assumed name, where there was no contractual
   > relation between the new employer and the insurer of the former
   > employer.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 May 12, 1966, at
Lansing. (Docket No. 540.) Decided October 25,
1966.

Elvin Marks presented a claim for workmen's
compensation against Louis Cooper and Dora Gold.
Referee awarded compensation and held Louis
Cooper solely liable. Affirmed by Workmen's Com-
pensation Appeal Board. Louis Cooper appeals,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 132.
[2] 58 Am Jur, Workmen's Compensation § 352.
 Transfer of business as affecting common-law remedy or workmen's
  compensation in respect of injuries subsequently sustained by
  employee. 150 ALR 1166.

claiming Dora Gold's insurer, State Accident Fund, should be held liable. Affirmed.

*John T. Vojdik* (*Richard C. Fruit*, of counsel), for defendant Cooper.

*Stanley F. Dodge,* and *Peter B. Munroe,* for defendants Gold and State Accident Fund.

Burns, J. The defendant, Louis Cooper, appeals a finding of the workmen's compensation appeal board affirming the hearing referee's decision holding him individually liable for injuries received by the plaintiff, Elvin Marks.

On September 29, 1961, Dora Gold, as administratrix of the estate of Morris Gold, deceased, doing business as American Coal Company, entered into a lease agreement with the defendant Louis Cooper, leasing the company's premises and equipment to Cooper. On the same date an agreement was executed between the same parties for the sale of the scrap material on the premises and for the trade name and good will of the American Coal Company.

Employees, including plaintiff, who had previously worked for Mrs. Gold, continued to work for Mr. Cooper when he took over and started to operate the business on October 2, 1961. Marks continued in the employ of Louis Cooper until he was injured on January 23, 1962.

On November 13, 1961, the American Coal Company was dissolved, and on the 14th of November, 1961, Louis Cooper filed a certificate under the assumed name act[*] with the county clerk to do business under the name of American Coal and Iron Company.

---

[*] CL 1948 and CLS 1961, § 445.1 *et seq.* (Stat Ann 1964 Rev § 19-,821 *et seq.*).

The Michigan State Accident Fund carried Dora Gold's workmen's compensation insurance. It was not notified of the change in ownership until January 5, 1962. On January 10, 1962, the insurance company notified the workmen's compensation department that liability on this account was being cancelled in compliance with the statutory requirements. The cancellation was to be effective on January 31, 1962.

It was the finding of the board that plaintiff was not employed by Dora Gold individually, or as administratrix of the estate of Morris Gold, doing business as American Coal Company, but was the employee of Louis Cooper, doing business as American Coal and Iron Company at the time of the accident. The board also found that the Michigan State Accident Fund did not have any contractual relationship with Cooper at the time of the accident. The Michigan State Accident Fund was also released from any liability.

The defendant Cooper places great emphasis on the fact that Mrs. Gold continued to maintain an office on the premises up to and after Marks was injured. The record indicates that she did frequent the premises a great deal to assure herself of an accurate accounting for the scrap metal sold to the defendant but still on the premises.

Defendant claims 5 grounds for his appeal and each ground ignores the pertinent fact that the original company, organized as Dora Gold, administratrix of the estate of Morris Gold, doing business as American Coal Company, was dissolved on November 13, 1961, and that defendant Cooper filed his certificate as owner, doing business as American Coal and Iron Company, on November 14, 1961. There was not just a change in management as argued by the appellant, but a change in ownership.

*Capatanos* v. *Aero Restaurant* (1939), 290 Mich 138 is directly in point and controls the present case. In that case the Court stated on page 142:

"It is fundamental that the relation of employer and employee must be either admitted or proved in order that recovery may be had under the compensation act, *Johns* v. *Wisconsin Land & Lumber Co.* (1934), 268 Mich 675. The Aero Restaurant could not be the employer. Plaintiff's employer was either Peter, James and Louis Serakos, doing business as the Aero Restaurant, or Ernest Savas and Gabriel Miller or either of them, doing business as the Aero Restaurant. It is undisputed that the Serakos brothers sold their business to Miller in June of 1936, some months before either of the injuries were suffered by plaintiff. It is also undisputed that defendant Indemnity Insurance Company of North America never had any contractual relationship of any sort with Savas and Miller or either of them, doing business as the Aero Restaurant, plaintiff's employer or employers at the time of the respective accidents."

The award of the workmen's compensation appeal board is hereby affirmed. Costs to appellees.

McGREGOR, P. J., and QUINN, J. concurred.