(No. 20715.—)
M. LEVY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMIS-
SION *et al.*—(AGNES KRYPCIO, Defendant in Error.)

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

McKENNA & HARRIS, (JAMES J. McKENNA, and ABRA-
HAM W. BRUSSELL, of counsel,) for plaintiff in error.

SARSFIELD COLLINS, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

The Industrial Commission made an award of $4558
against plaintiff in error (herein called the employer) and
in favor of the widow of the deceased employee. To re-

view this award, on the 31st day of July, 1930, the employer filed in the circuit court of Cook county a *præcipe* for a writ of *certiorari* under the Workmen's Compensation act. That same day the clerk issued a writ of *certiorari,* returnable on the third Monday of October, 1930, and also issued a writ of *scire facias,* returnable to the October term, 1930. These writs were properly served in accordance with the provisions of the Compensation act. On October 3, 1930, the widow, appearing specially, moved to dismiss the cause and to quash the writ of *scire facias.* The motion averred that the *præcipe* filed July 31, 1930, was made returnable to the October term, 1930, and that the *scire facias* required the widow to appear on the third Monday of October, 1930, and that such return date was not in conformity with the statute, (Cahill's Stat. 1929, chap. 48, par. 219, sub-sec. $f1$,) the relevant part of which is as follows: "Such suit by writ of *certiorari* shall be commenced within twenty days of the receipt of notice of the decision of the commission. Such writ of *certiorari* and writ of *scire facias* shall be issued by the clerk of such court upon *præcipe* returnable to the next succeeding term of the circuit court providing ten days shall intervene from the date of issuance thereof and the first day of the next succeeding term of court." In the case at bar the first day of the August term of the circuit court was more than ten days after July 31, 1930, the date on which the clerk issued the writs of *certiorari* and *scire facias.* Accordingly these writs should have been returnable to the August term of court. On October 10, 1930, the employer, by leave of court, filed a cross-motion to amend the *præcipe* and writs by substituting the words "August term" in place of the words "October term" wherever the words "October term" therein appeared. Hearings were had, and on November 8, 1930, the trial judge orally announced his decision that an amendment could not cure the defect of failing to follow the statute strictly, and he therefore denied the em-

ployer's motion to amend and allowed the widow's motion to dismiss the cause and quash the writ of *scire facias*. On December 23, 1930, a written order was entered to the same effect, and the cause is here upon writ of error.

The sole question at issue is whether the statute of Amendments and Jeofails and section 39 of the Practice act gave the circuit court the power to amend the defective *præcipe* and the writs of *certiorari* and *scire facias*.

This court has held that a summons returnable to the wrong term is a nullity and will not authorize a judgment. (*Calhoun* v. *Webster,* 2 Scam. 221; *Hildreth* v. *Hough,* 20 Ill. 331; *Culver* v. *Phelps,* 130 id. 217; *Keal* v. *Rhydderck,* 317 id. 231.) While circuit courts are courts of general jurisdiction, their powers are limited by the language of the statute when they exercise a special jurisdiction derived solely from the statute. The writ of *certiorari,* by which the circuit court is given power to review the award of the Industrial Commission in compensation cases, is wholly statutory, and the authority of the court to make any order must be found in the statute. (*Moweaqua Coal Mining Co.* v. *Industrial Com.* 322 Ill. 403.) In reviewing decisions of the Industrial Commission the writ of *certiorari* is not the common law writ but is a statutory writ and the circuit court has only such powers as the statute confers. (*Nierman* v. *Industrial Com.* 329 Ill. 623.) In compensation cases the circuit court can only look to the provisions of the Workmen's Compensation act to determine whether it has jurisdiction of the persons of the litigants. When a review on a writ of *certiorari* is sought, jurisdiction over the person is accomplished when the case sought to be reviewed is laid to the proper term. Here the August and September terms intervened between the issuance of the writs and the October term, to which they were made returnable, and ten days intervened between the date the writs were issued and the first day of the August term. The writs were therefore a nullity and failed to confer that

jurisdiction of the persons of the litigants which would authorize the court to allow an amendment at the October term.

The judgment of the circuit court in refusing to allow the employer's motion to amend the *præcipe* and writs of *certiorari* and *scire facias* is therefore affirmed.

*Judgment affirmed.*