TRI-AMERICA OIL COMPANY, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

First District (5th Division) No. 81—950

Opinion filed July 30, 1982.—Rehearing denied September 13, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellants.

Berkson, Gorov & Levin, Ltd., of Chicago (Arthur M. Gorov and Norman N. Berkson, of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff filed a complaint for administrative review in the circuit court seeking to set aside an assessment of taxes judged by defendants as due under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 440 *et seq.*) and the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1 *et seq.*) (hereinafter both referred to as the Act). The circuit court reversed the administrative decision, and this appeal follows.

Plaintiff is a retail and wholesale seller of gasoline. Defendants audited plaintiff for the period of January 1975 to December 1977 and found that during this period, plaintiff sold gas to a station which was leased from plaintiff and operated by one Alfonzo Chavez as an independent dealer. The sales to Chavez amounted to $151,023.45.

Plaintiff claimed tax deductions for the sales to Chavez on the basis that the sales were made for the purpose of resale, however, no resale certificate for Chavez was produced. Evidence established that Chavez did not have a resale certificate, but it was plaintiff's policy and practice to obtain one from all independent dealers and they had obtained certificates from all dealers except Chavez. Because plaintiff did not have Chavez' resale certificate, deductions for the sales to Chavez were disallowed and plaintiff was assessed $10,862.51 for tax deficiencies of State and municipal retailers' occupation tax, plus penalties and interest. On review, the circuit court reversed based on the grounds that *Dearborn Wholesale Grocers, Inc. v. Whitler* (1980), 82 Ill. 2d 471, 413 N.E.2d 370, was controlling.

OPINION

Defendants argue that plaintiff's occupation places it within the

class of vendors covered by the Act. Thus, *Dearborn* is not applicable to this situation and it was error for the circuit court to reverse the administrative determination.

Section 2c of the Act requires the purchaser who is a reseller of tangible personal property "in such a way that such resales are not taxable under this Act" to apply for a resale certificate. The Act also provides in pertinent part that:

> " 'Sale at retail' " shall be construed to include any transfer of the ownership of or title to tangible personal property to a purchaser, for use or consumption by any other person to whom such purchaser may transfer the tangible personal property without a valuable consideration, and to include any transfer, whether made for or without a valuable consideration, for resale in any form as tangible personal property unless made in compliance with Section 2c of this Act." (Ill. Rev. Stat. 1981, ch. 120, par. 440.)

> "Except as provided hereinabove in this Section, no sale shall be made tax-free on the ground of being a sale for resale unless the purchaser has an active registration number or resale number from the Department and furnishes that number to the seller in connection with certifying to the seller that any sale to such purchaser is nontaxable because of being a sale for resale." Ill. Rev. Stat. 1981, ch. 120, par. 441c.

The threshold question is who must comply with the resale certificate requirements of the Act. This same issue was considered recently in *Illinois Cereal Mills, Inc. v. Department of Revenue* (1982), 106 Ill. App. 3d 53, 435 N.E.2d 774. In that case, the evidence conclusively showed that the sales involved in the dispute were for resale, but plaintiff did not comply with the documentation and verification requirements of section 2c. The evidence also showed that plaintiff's products were sold almost entirely for resale, although a small amount of sales were made to the ultimate consumer. One of the issues plaintiff raised in that case was whether the Act could be construed to bar those making sales for resale from proving their sales were for resale by means other than resale certificates merely because they make a few sales at retail. We held, as we must hold here, that section 2c is applicable to those who sell mostly for resale but make some sales at retail. Thus, the making of *some* sales at retail brings the seller within the coverage of the Act. If section 2c were to apply only to retailers who do not also sell for resale, then this section would be meaningless, for it applies only to sales for resale. The whole purpose of section 2c is to verify that a sale is exempt. (*Dear-*

*born.*) Unlike the vendor in *Dearborn* whose sales were solely whole-sale, the vendor in the pending matter does have some retail sales. We stated in *Illinois Cereal Mills, Inc.*, that there is a greater chance for a sale to be erroneously claimed as resale when the vendor sells both at retail and for resale than when the seller is shown to be selling exclusively for resale. (106 Ill. App. 3d 53, 57.) Thus, it is not unreasonable in situations of this type to require that exemptions be established solely by the resale certificates.

█ Accordingly, we must find that the requirement of obtaining a resale certificate is applicable to sellers like Tri-America, who are both wholesalers and retailers.

Plaintiff raises the additional argument that defendants did not raise their issue in the trial court, thus failing to preserve its position on appeal. Defendants were ordered to file their response and memorandum to plaintiff's motion for a finding on its behalf on review in the circuit court.

 █ A court may not, upon administrative review, hear further evidence or conduct a hearing *de novo*. (*Lamar v. Illinois Racing Board* (1977), 55 Ill. App. 3d 640, 370 N.E.2d 1241.) As such, the trial court acting as a court of review, was apprised of defendants' position by the administrative record, which preserved defendants' position on appeal.

For the foregoing reasons, we reverse the order of the circuit court reversing the administrative agency ruling and remand this matter, directing that the court enter an order affirming the administrative determination, and for such other proceedings consistent with this opinion.

Reversed and remanded with directions.

SULLIVAN, P.J., and LORENZ, J., concur.