LEFTON IRON & METAL COMPANY, Plaintiff-Appellee, v. THE ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

First District (2nd Division) No. 86—971

Opinion filed August 12, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Hercules F. Bolos and Douglas W. Trabaris, Special Assistant Attorneys General, of Chicago, of counsel), for appellant.

Belnap, Spencer, McFarland, Emrich & Herman and Baker & McKenzie, both of Chicago, and Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard S. M. Emrich, Gerald L. Maatman, Jr., James E. Neville, and Kenneth L. Halvachs, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff filed an action in the circuit court seeking review of a ruling made by the defendant, the Illinois Commerce Commission (ICC). Another party, the Terminal Railroad Association (TRRA), moved for a change of venue to Sangamon County. The trial court granted TRRA's motion, and the ICC now appeals.

Plaintiff, a company located in St. Clair County, Illinois, complained to the ICC about an increase in railroad switching rates imposed by TRRA. TRRA is an association whose offices are in Madison County, Illinois. In Sangamon County, Illinois, the ICC heard testimony on plaintiff's complaint, and on November 5, 1985, issued an order dismissing an investigation into the reasonableness of the switching rates.

Pursuant to section 18c—2201 of the Illinois Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2201, *et. seq.*), the plaintiff filed a complaint in the circuit court of Cook County seeking judicial review of the decision of the ICC. In the caption of its complaint, the plaintiff failed to name TRRA as a defendant, although plaintiff served TRRA with a summons and a copy of the complaint.

On February 25, 1986, TRRA filed a motion to transfer venue from Cook to Sangamon County. According to the Illinois Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2401), venue was proper in both counties, but TRRA argued that Sangamon County was a more convenient site. The trial judge in Cook County granted TRRA's motion to transfer.

On April 10, 1986, the trial court denied the ICC's petition for reconsideration, and this court granted leave to appeal.

On appeal, the ICC argues that the trial court abused its discretion when it granted TRRA's motion for change of venue. According

to the ICC, the trial court's decision was improper because TRRA was not a party to this action and thus had no standing to bring a motion.

■ It is true, as the ICC observes, that plaintiff failed to name TRRA as a defendant in its complaint. Furthermore, TRRA is an indispensable party to plaintiff's claim since all parties of record in proceedings before an administrative agency must be made defendants in an appeal to the circuit court. Ill. Rev. Stat. 1985, ch. 110, par. 3—107 (made applicable to the Illinois Commercial Transportation Law through section 18c—2206 (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2206)); see also *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 70, 422 N.E.2d 236.

■ Plaintiff argues that the ICC has waived its right to object to TRRA's standing to make a motion in this cause. According to the plaintiff, the ICC first raised this objection in its petition for reconsideration, a document filed after the trial court had already ruled on TRRA's motion for change of venue.

Regardless of when it raised its objection, the ICC has not waived its right to argue that TRRA lacked standing to request a change of venue. The Administrative Review Law makes TRRA an indispensable party to these proceedings. (Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) Where a statute makes a person an indispensable party to the review of an administrative action, another party's failure to object to the absence of such person does not operate as a waiver of the statutory requirement, nor does it relieve plaintiff of his duty to join all parties of record to the proceedings below. In fact, failure to join a necessary party may be a fatal defect requiring dismissal of the plaintiff's complaint. See *Cuny v. Annunzio* (1952), 411 Ill. 613, 617, 104 N.E.2d 780; *O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 767, 291 N.E.2d 349.

Despite these considerations, the present situation is not one that warrants dismissal of plaintiff's claim, nor can it be said that TRRA lacked standing to object to venue. In all respects, TRRA was treated as a defendant in this cause. TRRA was served with a summons, it filed an appearance, and it was properly notified of all proceedings and motions. The only way in which TRRA was omitted is that its name was left off of the caption of plaintiff's complaint.

Since TRRA was a *de facto* defendant, plaintiff's complaint can simply be altered so that the caption includes TRRA. At any time before final judgment, amendments may be allowed on just and reasonable terms introducing any party who should have been joined as a plaintiff or defendant. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).) In

its response to the ICC's petition for reconsideration, plaintiff said that it had a motion pending before the trial court asking leave to amend the complaint to include TRRA as a defendant. The trial court may consider this motion, but TRRA shall be treated as a defendant for the purpose of review of this case.

■ Another issue raised by the ICC is whether a complaint seeking review of an administrative decision can be transferred from one county to another on the basis of *forum non conveniens*. The ICC argues that the doctrine of *forum non conveniens* applies only at the trial level and not to proceedings in an appellate posture, as the case is here.

This argument has merit. In *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, our supreme court determined that a trial court could order the intrastate transfer of a cause on the basis of *forum non conveniens*. The *Torres* court saw no reason to forbid the intrastate transfer of cases in situations where transfer between States would have been allowed. In recognizing the authority of a court to dismiss a cause when a more appropriate Illinois forum was available, the *Torres* court hoped "to promote fair play between plaintiffs and defendants and discourage the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award." 98 Ill. 2d 338, 351, 456 N.E.2d 601.

According to the *Torres* court, the following factors should be considered in deciding whether a cause should be transferred: the availability of an alternative forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the dockets, and the convenience of the parties. If there are sufficient factors that favor plaintiff's choice of forum, then defendant's inconvenience should not be considered. Unless the balance strongly favors defendant, plaintiff's right to choose a forum should be vindicated. *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.

Although the trial court's decision on a motion for change of venue should not be disturbed absent an abuse of discretion (*Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 973, 489 N.E.2d 429), the court here appears to have erred in transferring this cause to Sangamon County. The policy that underlies the *Torres* decision and the factors determinative of whether a change of venue should be granted do not apply in an appellate situation. When the circuit court reviews an administrative decision, as it has been asked to do here, it does not conduct a hearing *de novo*. In such cases, the circuit court merely acts as a court of review and makes its decision

based on the record from the administrative proceedings. (*Tri-American Oil Co. v. Department of Revenue* (1982), 117 Ill. App. 3d 774, 777, 454 N.E.2d 1.) In an appellate setting, there is no need to prevent the parties from jockeying for a favorable jury. Nor is there a problem with access to sources of proof; the record is simply made available to whichever court hears the cause. While the circuit court is empowered to review evidence erroneously excluded from the record by the administrative agency (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2202(2)(b)), generally no witnesses are presented, and the parties need not even attend the proceeding.

It is true that congestion of the court docket is a factor that applies equally to trial and appellate proceedings. However, the majority of considerations that warrant change of venue are pertinent only to a trial situation. Consequently, the *Torres* decision should not be expanded to include a change of venue for causes in an appellate posture.

One Illinois court upheld the transfer of a case seeking review of an administrative decision. (See *La Grange State Bank v. Du Page County Board of Review* (1979), 79 Ill. App. 3d 474, 478-79, 398 N.E.2d 992.) In *La Grange*, the plaintiff filed an action in the Cook County circuit court seeking review of a decision by the State Property Tax Appeals Board. Defendant moved for change of venue of Du Page County since the property in question was located in Du Page County and the administrative hearings had been held there. A transfer was granted by the Cook County court, and the plaintiff complained that this change of venue would inconvenience him since he worked and lived in Cook County. 79 Ill. App. 3d 474, 479, 398 N.E.2d 992.

The *La Grange* court approved the transfer of the cause from Cook to Du Page County but did not explain whether a change in venue was granted because venue was improper in Cook County or because Cook County was a less convenient site than Du Page for review of plaintiff's claim. The statute applicable in *La Grange* provided for venue in any county where part of the hearings were held, where part of the subject matter of the hearings was located, or where part of the transaction giving rise to the controversy occurred. (79 Ill. App. 3d 474, 478, 398 N.E.2d 992, citing Ill. Rev. Stat. 1975, ch. 110, par. 268.) Plaintiff argued that since he was a Cook County resident when he sought administrative review of his property tax assessment, part of the transaction giving rise to the controversy occurred in Cook County. The *La Grange* court agreed with the plaintiff that the Cook County circuit court had jurisdiction to hear administrative re-

view actions in property tax cases. However, the court noted that jurisdiction and venue are distinct concepts. According to the court, since the land was in Du Page County and the hearings were held there, a change of venue would not unduly burden the plaintiff. 79 Ill. App. 3d 474, 479, 398 N.E.2d 992.

■ The present case is distinguishable from *La Grange*. There is no doubt in this case that venue was proper in both Cook and Sangamon counties, and it is clear that venue was changed on the basis of *forum non conveniens*. In *La Grange*, on the other hand, the court never determined that venue was proper in plaintiff's chosen forum. In fact, an examination of the venue statute in *La Grange* indicates that Du Page County may have been the only proper forum since the hearings took place there, the property was located there, and the tax assessment was levied in Du Page County. Under these circumstances, it can not be said that the *La Grange* decision authorizes the transfer of administrative review cases on the ground of *forum non conveniens*.

In view of the foregoing, the judgment of the trial court is reversed and the case remanded for further proceedings.

Reversed and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.