MIDLAND COAL COMPANY *et al.*, Plaintiffs-Appellants, v. KNOX COUNTY *et al.*, Defendants-Appellees (The Department of Mines and Minerals *et al.*, Defendants-Appellants and Counterdefendants-Appellants; Knox County *et al.*, Counterplaintiffs; Midland Coal Company *et al.*, Counterdefendants).—MIDLAND COAL COMPANY *et al.*, Plaintiffs, v. KNOX COUNTY *et al.*, Defendants-Appellees (The Department of Mines and Minerals *et al.*, Defendants-Appellants and Counterdefendants-Appellants; Knox County *et al.*, Counterplaintiffs; Midland Coal Company *et al.*, Counterdefendants).

Fourth District   Nos. 4—94—0366, 4—94—0372 cons.

Argued December 6, 1994.—Opinion filed December 23, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and William K. Blanchard, Assistant Attorney General (argued), of counsel), for appellants Department of Mines and Minerals and Ronald E. Morse.

Thomas W. Kelty, of Pfeifer & Kelty, P.C., of Springfield, and William F. Morris (argued), of Pekin, for appellees Knox County, Illinois, Knox County Farm Bureau, and Knox County Corn Growers Association.

Linda L. Laugges (argued), of Thomas, Mamer & Haughey, of Champaign, for Midland Coal Company and Mid State Coal Company, Inc.

JUSTICE LUND delivered the opinion of the court:

Midland Coal Company and Mid State Coal Company, Inc. (Midland), and the Illinois Department of Mines and Minerals, and its Director, Ronald E. Morse (Department), appeal an order of Sangamon County circuit judge Richard Cadagin transferring the action from Sangamon County to Knox County (third district) on the grounds of *forum non conveniens*. On appeal, Midland and the Department argue (1) the circuit court lacked jurisdiction to transfer the administrative review action on the grounds of *forum non conveniens*, and (2) the doctrine of *forum non conveniens* does not apply to administrative review actions. We agree and reverse.

On August 10, 1992, the Department issued a mining permit to Midland allowing it to strip-mine land it owned in Knox County, Illinois. Knox County and several other interested parties in Knox County (the Knox County parties) contested issuance of the permit. On September 13, 1993, after lengthy evidentiary hearings, a Department hearing officer upheld issuance of the permit, but rejected certain legal arguments of Midland. On September 30, 1993, the Department adopted the hearing officer's September 13, 1993, order.

On September 30, 1993, Midland filed an action in Sangamon

County circuit court, seeking administrative review of the Department's order regarding denial of its legal arguments. On October 14, 1993, the Knox County parties filed countercomplaints for administrative review and a motion to transfer venue to Knox County on *forum non conveniens* grounds. On March 15, 1994, the circuit court granted their motion. This court granted interlocutory appeals brought by Midland and the Department pursuant to Supreme Court Rule 306 (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 306, eff. February 1, 1994).

■ The Department first argues the circuit court lacked jurisdiction to transfer the action on *forum non conveniens* grounds. The Surface Coal Mining Land Conservation and Reclamation Act (225 ILCS 720/1.01 *et seq.* (West 1992)) governed the issuance of the permit. It makes the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)) applicable to final decisions of the Department. (225 ILCS 720/8.10 (West 1992).) The Administrative Review Law is a grant of special statutory jurisdiction to circuit courts to review final administrative agency decisions. See *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211, 486 N.E.2d 893, 896.

■ Special statutory jurisdiction is limited to the language of the act conferring it, and the court has no powers from any other source. (*Fredman Brothers*, 109 Ill. 2d at 210, 486 N.E.2d at 895-96.) Thus, "[w]hile circuit courts are courts of general jurisdiction, their powers are limited by the language of the statute when they exercise a special jurisdiction derived solely from the statute. *** [T]he authority of the court to make any order must be found in the statute." *Levy v. Industrial Comm'n* (1931), 346 Ill. 49, 51, 178 N.E. 370, 371.

■ All parties agree venue was proper in Sangamon County. The Knox County parties sought transfer to Knox County solely because they viewed it as a more convenient forum. However, the Administrative Review Law does not permit circuit courts to transfer administrative review actions based on *forum non conveniens*. Therefore, the Sangamon County circuit court lacked jurisdiction to transfer the action to Knox County on *forum non conveniens* grounds.

Midland and the Department also argue *forum non conveniens* does not apply in administrative review actions. We agree. The only reported case on point is *Lefton Iron & Metal Co. v. Illinois Commerce Comm'n* (1986), 146 Ill. App. 3d 799, 497 N.E.2d 394. In *Lefton*, the appellate court reversed the Cook County circuit court's order transferring an administrative review action from Cook County to Sangamon County on the basis of *forum non conveniens*. The court

reasoned when a circuit court reviews an administrative agency's decision, it sits in an appellate posture and makes its decision based on the record from the administrative proceedings. It does not conduct a *de novo* hearing. Therefore, the court held many of the factors enunciated in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607, that warrant a *forum non conveniens* venue transfer did not apply in the administrative review context. *Lefton*, 146 Ill. App. 3d at 802-03, 497 N.E.2d at 397.

There is no need to prevent the parties from jockeying for a favorable jury. There is no problem with access to sources of proof because the complete record already exists. Witnesses are not presented, and the parties need not even attend the proceeding. Although court congestion applies equally to circuit and appellate proceedings, most of the considerations warranting a venue change do not apply in the administrative review setting. Thus, the court held *forum non conveniens* should not be applied in administrative review cases. *Lefton*, 146 Ill. App. 3d at 802-03, 497 N.E.2d at 397.

The only other factor the *Lefton* court did not consider that could ever arguably apply in an administrative review action is the interest in having localized controversies decided locally. (See *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105-06, 554 N.E.2d 209, 211.) However, the test to determine when *forum non conveniens* applies is uneven. The relevant factors, viewed in their totality, must *strongly* favor the transfer. (*Griffith*, 136 Ill. 2d at 107, 554 N.E.2d at 212.) A congested venue alone is insufficient to justify a *forum non conveniens* venue transfer. (*Griffith*, 136 Ill. 2d at 114, 554 N.E.2d at 215.) We conclude the congested venue and localized controversy factors, without more, do not strongly favor a *forum non conveniens* venue change in an administrative review action. In short, we agree with the reasoning in *Lefton* and adopt it here.

The Knox County parties cite two cases affirming transfer of venue in an administrative review action. (*Merit Chevrolet, Inc. v. Department of Revenue* (1965), 33 Ill. 2d 207, 213, 210 N.E.2d 470, 474; *La Grange Bank No. 1713 v. Du Page County Board of Review* (1979), 79 Ill. App. 3d 474, 478-79, 398 N.E.2d 992, 996-97.) A closer analysis indicates neither transfer was based on *forum non conveniens*. Instead, each action was transferred because it was initially filed in an improper venue. (See *Merit Chevrolet*, 33 Ill. 2d at 210-13, 210 N.E.2d at 472-74; *Lefton*, 146 Ill. App. 3d at 804, 497 N.E.2d at 398.) Neither case even mentioned *forum non conveniens*. This is because *forum non conveniens* for intrastate transfers was not recognized in Illinois until 1983. *Torres*, 98 Ill. 2d at 347, 456 N.E.2d at 605.

In addition, the Administrative Review Act (Act) (see Ill. Rev.

Stat. 1963, ch. 110, par. 264 *et seq.*) governed administrative review actions when *Merit Chevrolet* was decided. Section 14 of the Act incorporated and made the Civil Practice Act (see Ill. Rev. Stat. 1963, ch. 110, par. 1 *et seq.*) applicable to all administrative review actions unless otherwise provided. (See Ill. Rev. Stat. 1963, ch. 110, par. 277.) Sections 8 and 10 of the Civil Practice Act allowed circuit courts to transfer actions initially filed in an improper venue. (See Ill. Rev. Stat. 1963, ch. 110, pars. 8, 10.) Section 14 of the Act read the same when *La Grange* was decided. (See Ill. Rev. Stat. 1975, ch. 110, par. 277.) Therefore, the circuit courts in *Merit Chevrolet* and *La Grange* had jurisdiction to transfer the actions. However, this rationale is inapplicable here because the Act was repealed (see Pub. Act 82—280, eff. July 1, 1982 (1981 Ill. Laws 1382, 1625)) and replaced with the Administrative Review Law, which does not incorporate the Civil Practice Act, or any of its venue provisions.

In summary, we hold the doctrine of *forum non conveniens* does not apply to administrative review actions brought in circuit court. Therefore, the circuit court erred in transferring the action to Knox County.

Reversed.

KNECHT, P.J., and McCULLOUGH, J., concur.