(No. 39129.—

Merit Chevrolet, Inc., Appellee, *vs.* The Department of Revenue, Appellant.

*Opinion filed September 28, 1965.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, A. ZOLA GROVES, and JOHN J. O'TOOLE, Assistant Attorneys General, of counsel,) for appellant.

NED LANGER, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The plaintiff, Merit Chevrolet, Inc., filed an action for administrative review in the circuit court of Du Page County contesting a final tax assessment for retailers' occupation tax levied by the Department of Revenue. That court transferred the cause to the circuit court of Cook County which affirmed the findings and decision of the hearing officer and the Department of Revenue and entered judgment for the Department. Thereafter the circuit court of Cook County expunged its judgment for lack of jurisdiction, and the Department appeals to this court because the revenue is involved.

The theory of the plaintiff, which was adopted by the trial court, is that the circuit court of Du Page County had no jurisdiction, and therefore there was no complaint on file or action commenced in a proper court within 35 days of notice of the Department's decision as required by section 4 of the Administrative Review Act. (Ill. Rev. Stat. 1963, chap. 110, par. 267.) The final assessment was levied by the Department on November 14, 1960, and the plaintiff filed a complaint for administrative review in the circuit court of Du Page County on December 20, 1960. On January 26, 1961, the defendant moved to transfer the cause to the circuit court of Cook County, the county of the principal place of business of the plaintiff, and the circuit court of Du Page County entered an order transferring the cause

to the circuit court of Cook County on March 27, 1961. Defendant filed its answer on January 7, 1963. On June 12, 1963, the circuit court of Cook County entered an order affirming the final assessment made by the Department on November 14, 1960. On December 4, 1963, plaintiff filed a motion for entry of an order to expunge a void judgment. Thereafter on September 28, 1964 the following order was entered:

"This cause having come on for hearing pursuant to due notice given and the Court having examined the motion to expunge a void order entered by this Court;

"It appearing from the record in this Court that this Court had entered Judgment against the Plaintiff under the Administrative Review Act and this Court had power to enter Judgment herein only if a Complaint is filed in the Circuit Court of Cook County and summons issued within thirty-five days from the notice of the final assessment sought to be reviewed and this record reveals that there was no such Compliance with the foregoing provisions of this special statute, it is therefore apparent that this Court lacked the power to enter said Judgment or to do anything but dismiss this action;

"IT IS THEREFORE ORDERED that the Judgment entered herein be and the same is expunged;

"And for late filing in the Circuit Court of Cook County in violation of the Statute, this cause is dismissed."

From this order it is apparent that the court adopted the theory of the plaintiff that the "power" to review such a final assessment is vested only in the circuit court of the county wherein the taxpayer has its principal place of business in the state (Ill. Rev. Stat. 1963, chap. 120, par. 451); and that "power" is further conditioned upon the filing of a complaint in the circuit court of the county wherein lies the principal place of business within thirty-five days of notice of the final assessment sought to be reviewed. Ill. Rev. Stat. 1963, chap. 110, par. 267.

The Department's theory is that the circuit court of Cook County was vested with jurisdiction of this administrative review pursuant to section 5 of the Administrative Review Act (Ill. Rev. Stat. 1963, chap. 110, par. 268) and section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1963, chap. 120, par. 451), and therefore it concludes that the circuit court of Cook County erred in expunging its order affirming the decision of the Department of Revenue.

The determination of this appeal turns on the interpretation and application of the jurisdictional and venue provisions of our statutes relating to administrative review actions. We note that the plaintiff, who originally sought reversal of his final assessment, succeeded, after the case was transferred, in procuring an order that he filed originally in the wrong jurisdiction, and that since he did not file the complaint in the county of his principal place of business within 35 days, the order in Cook County affirming his assessment was void. The real dispute between the parties, although not alluded to in their briefs and arguments, appears to be whether or not the statutory lien on plaintiff's property is still effective. See Ill. Rev. Stat. 1963, chap. 120, par. 444a.

Section 12 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1963, chap. 120, par. 451) provides: "The Circuit or Superior Court of the County wherein the taxpayer has his principal place of business, or of Sangamon County in those cases where the taxpayer does not have his principal place of business in this State, shall have power to review all final administrative decisions of the Department in administering the provisions of this Act."

The same section of the Retailers' Occupation Tax Act further provides that such proceedings shall be governed by the Administrative Review Act, which provides in section 4 that "Every action to review a final administrative decision shall be commenced by the filing of a complaint * * * within 35 days from the date that a copy of the

decision  *  *  *  was served upon the party affected * * *." Ill. Rev. Stat. 1963, chap. 110, par. 267.

Section 5 provides in part, that "Jurisdiction to review final administrative decisions is vested in the Circuit Courts. If the venue of the action to review a final administrative decision is expressly prescribed in the particular statute under authority of which the decision was made, such venue shall control  *  *  *  " (Ill. Rev. Stat. 1963, chap. 110, par. 268,) and section 2 states that unless review is sought within the time and in the manner herein provided, the parties shall be barred from obtaining judicial review of such decision. Ill. Rev. Stat. 1963, chap. 110, par. 265.

The pertinent provisions of the Civil Practice Act, made applicable to these proceedings by section 14 of the Administrative Review Act are sections 8 and 10. Section 8 provides in part as follows: "(1) No order, judgment or decree is void because rendered in the wrong venue, except in case of judgment by confession  *  *  *. No action shall abate or be dismissed because commenced in the wrong venue or court if there is a proper venue or court of competent jurisdiction to which the cause may be transferred." Ill. Rev. Stat. 1963, chap. 110, par. 8.

Section 10 provides in part as follows: "(1) If a motion to transfer is allowed on the ground that the action was commenced in a wrong venue, the cause shall be transferred to a court of competent jurisdiction in a proper venue, subject to any equitable terms and conditions that may be prescribed.  *  *  *  (2) Whenever it appears that an action has been commenced in a court which does not have jurisdiction to determine the action, the court shall, at any time, upon its own motion or upon the motion of any party, order the cause transferred to a court of competent jurisdiction in a proper venue. In the event of reversal upon appeal of any order, judgment or decree for lack of jurisdiction to determine the action, the reviewing court shall remand the cause to afford an opportunity to apply for trans-

fer to a proper court." Ill. Rev. Stat. 1963, chap. 110, par. 10.

The trial court first determined that this cause was not commenced as required by law until the action was filed in the circuit court of Cook County more than 35 days after notice of the administrative decision. This conclusion was predicated on the premise that Cook County was the principal place of business of the plaintiff and therefore the "power" and jurisdiction to review all final administrative decisions of the Department are solely in that county (Ill. Rev. Stat. 1963, chap. 120, par. 451.) The court must necessarily have concluded that the circuit court of Du Page County was without jurisdiction to take any action on the complaint to review the administrative decision of the Department, and that the Civil Practice Act sections relative to venue did not apply. With these premises we disagree.

According to section 5 of the Administrative Review Act (Ill. Rev. Stat. 1963, chap. 110, par. 268), jurisdiction to review final administrative decisions is vested in the circuit courts, and if the venue is expressly prescribed in a particular statute, such venue shall control. It is thus apparent that the circuit court of Du Page County had jurisdiction to hear administrative review actions in sales tax cases. Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. (*People of the State of California* v. *Western Tire Auto Stores, Inc.* 32 Ill.2d 527; *Van Dam* v. *Van Dam,* 21 Ill.2d 212). That court likewise had jurisdiction of the parties.

We must construe section 12 of the Retailers' Occupation Tax Act, relating to "power" (Ill. Rev. Stat. 1963, chap. 120, par. 451), together with section 5 of the Administrative Review Act (Ill. Rev. Stat. 1963, chap. 110, par. 268), and remember that the provisions of the Civil Practice Act apply to all administrative review actions ex-

cept as otherwise provided. (Ill. Rev. Stat. 1963, chap. 110, par. 277.) So reading the statutes, we believe that "power" as used in section 12 of the Retailers' Occupation Tax Act refers to venue and not to jurisdiction and is a venue expressed in a particular statute as provided in section 5 of the Administrative Review Act. Had the legislature intended "power" as used in section 12 to be a grant of exclusive jurisdiction, it could have said so and in the absence of such expression, it is more logically construed as the equivalent of venue within the meaning of the provisions of section 5 of the Administrative Review Act. As the circuit court of Du Page County had jurisdiction the motion to transfer from that county to the circuit court of Cook County was properly made under sections 8 and 10 of the Civil Practice Act. The action of the circuit court of Du Page County in transferring the action was therefore not void but proper.

The trial court also concluded that to meet the filing requirements of section 4 of the Administrative Review Act, the complaint had to be filed in Cook County within 35 days of notice of the administrative decision and bond provided and filed in Cook County within 20 days thereafter. This, of course, was not done. The action was commenced in Du Page County and the requirements as to time and manner were met by the filing in Du Page County. The rationale of the Cook County court would apparently require suit to be instituted anew in Cook County, and since the action was not filed in the circuit court of Cook County within 35 days of notice of the administrative decision of the Department, it had no jurisdiction and therefore its order of June 12, 1963, was void.

However, since the action was originally commenced in a court having jurisdiction, the order of that court transferring the cause to a court of proper venue did not abate the action. (Ill. Rev. Stat. 1963, chap. 110, par. 8.) There was no necessity upon a transfer for the service of new process

or institution of a new action for administrative review. Once the circuit court of Cook County acquired jurisdiction by the proper transfer of the action from the circuit court of Du Page County, there was merely a continuation in Cook County of the suit instituted in Du Page County and the Cook County court was vested with jurisdiction to hear the cause and render judgment. Since the action was originally instituted in Du Page County within 35 days of the date of notice of the administrative decision by the Department, it is not necessary for us to determine whether the 35-day time limitation is regarded as prescribing a condition of liability or as an ordinary statute of limitations.

We reach the same conclusion as to the statutory bond which was duly filed by plaintiff in Du Page County. This bond remained in full force when the cause was transferred to Cook County.

For the reasons herein stated, the order of the circuit court of Cook County expunging its judgment order is reversed and the judgment of the circuit court of Cook County affirming the decision of the Department of Revenue is reinstated.

*Judgment reversed, and*
*Judgment of June 12, 1963, reinstated.*