THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. RODNEY G. GRAU, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Second District   No. 2—93—0719

Opinion filed June 23, 1994.

Gary W. Pack, State's Attorney, of Woodstock, and Roland W. Burris, Attorney General, of Chicago (Mark Bucksath, Assistant State's Attorney, and Rosalyn B. Kaplan, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellant.

W. Randal Baudin, of McCuaig, Haeger, Bolz, McCarty & Baudin, of West Dundee, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

George H. Ryan, the Secretary of the State of Illinois (Secretary), appeals the order of the circuit court of McHenry County requiring him to rescind the revocation of the driver's license of defendant, Rodney Grau. The Secretary contends that the circuit court lacked subject-matter jurisdiction to enter such an order. Alternatively, he contends that the court lacked personal jurisdiction over him. We vacate and remand.

Defendant was ticketed for speeding (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 11—601 (now 625 ILCS 5/11—601 (West 1992))), driving while license revoked (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 6—303 (now 625 ILCS 5/6—303 (West 1992))), and driving without a valid license or permit (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 6—101 (now 625 ILCS 5/6—101 (West 1992))). He filed a motion to dismiss the driving-while-license-revoked charge.

This motion alleged that he left Illinois in March 1987 and joined the United States Army. At the time, he had a valid Illinois driver's license. Defendant received a military driver's license while in the Army. On June 21, 1989, defendant pleaded guilty in New York to driving while ability impaired. (N.Y. Veh. & Traf. Law § 1192 (McKinney 1986).) He was fined $250, and his driving privileges were suspended for 90 days.

He resumed driving after the suspension and received a New York driver's license in October 1990. On July 27, 1989, the Secre-

tary revoked defendant's Illinois driving privileges because of the New York conviction. Defendant alleged that he did not receive notice of the revocation.

On April 27, 1993, defendant pleaded guilty to speeding and driving without a valid license. The court continued the motion to dismiss the driving-while-license-revoked charge until May 13, 1993. On that date the court entered an order finding that the Secretary's revocation of defendant's driver's license was invalid and directing the Secretary to rescind the revocation. The court did not explicitly dispose of defendant's motion to dismiss. The Secretary filed a timely notice of appeal, and the trial court stayed its order pending appeal.

The Secretary asks this court to take judicial notice of an administrative review action that defendant filed in the circuit court of Cook County. An order of the circuit court of Cook County, dated September 1, 1993, directs the Secretary to conduct a new administrative hearing on the reinstatement of defendant's driving privileges. (See 625 ILCS 5/2—118 (West 1992).) A copy of this order is attached to the Secretary's brief.

■ Defendant has filed a motion to strike that portion of the Secretary's brief referring to the Cook County administrative review action, and we ordered the motion taken with the case. Generally, courts may take judicial notice of public documents which are included in the records of other courts and administrative tribunals. (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159.) Defendant objects that the Secretary has not provided a sufficiently complete record of the Cook County proceedings to permit us to take judicial notice of the order in that case. Defendant, however, has not provided any additional documents, or suggested what other materials from that action would be helpful to our review of this matter. We conclude that we may take judicial notice of the September 1, 1993, order entered in the Cook County action for administrative review, and we therefore deny defendant's motion.

Turning to the merits of the appeal, the Secretary contends that the circuit court lacked subject-matter jurisdiction to order the Secretary to reinstate defendant's driving privileges. The Illinois Vehicle Code provides that the action of the Secretary in revoking a driver's license is a final administrative action subject to judicial review in the circuit courts of Cook or Sangamon County. (625 ILCS 5/2—118(e) (West 1992).) The Administrative Review Law (the Act) (735 ILCS 5/3—101 *et seq.* (West 1992)) governs such actions. 625 ILCS 5/2—118(e), 6—212 (West 1992).

■ "[T]he Administrative Review Act exclusively applies to and

governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference." (*People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166, 169; see also *Blagoue v. Edgar* (1990), 196 Ill. App. 3d 92, 95.) This act specifically provides that any other mode of review of decisions of administrative agencies previously available shall no longer be employed. (735 ILCS 5/3—102 (West 1992).) Where a court is exercising special statutory jurisdiction, the parties must strictly follow the mode of procedure prescribed by the statute, or no jurisdiction is conferred on the circuit court. *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210.

■ In the present case, the Illinois Vehicle Code explicitly provides that the Secretary's administrative decisions are subject to the Act. A decision to revoke driving privileges is an administrative decision. An action to review the denial of driving privileges may only be commenced in the circuit courts of Cook or Sangamon County. (625 ILCS 5/2—118(e) (West 1992).) The Administrative Review Law is the exclusive means for review of such decisions. Thus, defendant did not comply with the Act in this case, as no complaint for administrative review was filed, and venue in McHenry County was improper. The court therefore lacked jurisdiction to order the Secretary to reinstate defendant's driving privileges.

Defendant contends, however, that a court in a criminal matter must have the authority to dismiss a criminal charge it finds invalid. While this is true, it does not give the court the authority to remedy what it perceives to be the underlying problem. The Secretary does not contend that the court lacked the power to dismiss the driving-while-license-revoked charge. He merely disputes the court's jurisdiction to order the Secretary to reconsider his administrative decision and reinstate defendant's driver's license.

We note further that even if the circuit court had subject-matter jurisdiction to review the Secretary's action, the court never acquired personal jurisdiction over the Secretary. A judgment is not valid unless the circuit court has jurisdiction over the parties. Unless there is a general appearance, personal jurisdiction may only be obtained by the service of process in a manner prescribed by statute. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308.) In this case, the Secretary was never served with a summons, and he never entered a general appearance. Therefore, the circuit court lacked jurisdiction over him.

For the foregoing reasons, the circuit court's order requiring the

Secretary to rescind the revocation of defendant's driver's license is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

BOWMAN and QUETSCH, JJ., concur.