Filed: 4/7/06  NO.
4-05-0237

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| BRITTNEY A. WEBB, | ) Appeal from |
|      Plaintiff-Appellant, | ) Circuit Court of |
|       v. | ) Sangamon County |
| JESSE WHITE, Secretary of State, | ) No. 04MR378 |
| State of Illinois, | ) |
|      Defendant-Appellee. | ) Honorable |
| | ) Leo J. Zappa, Jr., |
| | ) Judge Presiding. |

_____

PRESIDING JUSTICE TURNER delivered the opinion of the court:

Plaintiff, Brittney A. Webb, filed an action in the Sangamon County circuit court for administrative review of the decision of defendant, Jesse White, Illinois Secretary of State (Secretary), denying her petition for rescission or modification of the 12-month suspension of her driver's license and privileges. The circuit court affirmed the Secretary's decision. Plaintiff appeals. We reverse.

I. BACKGROUND

On December 7, 2003, plaintiff and several friends went to the High Dive, an establishment that serves liquor in Champaign, Illinois, to dance. Plaintiff was 20 years old at the time but could enter the establishment because she was over the age of 19. The friends accompanying plaintiff were also under the age of 21. They sat around a table and then plaintiff "and a couple of girlfriends went to the dance floor" and danced for 15

to 20 minutes.  Nobody at the table had ordered any alcohol prior to them dancing.  Plaintiff saw her friend Joey when they returned to the table.  Plaintiff took two or three "big gulps" of his drink, which she thought was Pepsi because Joey was 20 years old and did not have "a record of drinking there."  After taking her big gulps, she realized it was Captain Morgan and Coke.

Approximately 30 minutes later, the Champaign police conducted a "raid" to catch underage drinkers.  Although plaintiff denied having the cup with the alcohol when the police arrived, the ordinance violation report (OVR) stated "subject was found in High Dive with a mixed drink."  Plaintiff took a portable breath test and registered a 0.005 blood-alcohol concentration (BAC).  A police officer issued plaintiff an OVR charging her with violating section 5-65(a) of the Municipal Code of Champaign (Municipal Code) (Champaign Municipal Code C5-65(a) (2002)).  Section 5-65(a) of the Municipal Code prohibits the purchase or possession of alcohol by persons under 21 years of age.  The OVR gave plaintiff notice to appear in Champaign County circuit court on January 23, 2004, if she did not pay the $280 fine by December 28, 2003.

On January 14, 2004, the City of Champaign (City) filed a complaint alleging plaintiff violated the Municipal Code.  On February 6, 2004, plaintiff pleaded guilty.  On March 28, 2004, the Secretary suspended plaintiff's driver's license and driving privileges for 12 months pursuant to section 6-206(a)(38) of the Illinois Vehicle Code (625 ILCS 5/6-206(a)(38) (West 2002)).

Section 6-206(a)(38) of the Vehicle Code gives the Secretary the discretionary authority to suspend or revoke the driving privileges of any person without preliminary hearing upon a showing that the person has been convicted of a violation of section 6-20 of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6-20 (West 2002)) or a similar local ordinance. The docket sheet reflects that on April 16, 2004, the City represented to the court that the matter had been satisfied and plaintiff had paid her $280 fine and court costs. On the City's motion, the cause was dismissed.

After an informal hearing, the Secretary issued plaintiff a restricted driving permit (RDP). On July 28, 2004, the Secretary held a formal hearing on plaintiff's application for "driving relief." Plaintiff sought the rescission or early termination of the suspension otherwise set to terminate on March 28, 2005.

The hearing officer found plaintiff's testimony she only took a few gulps was not credible because the friends she was with also tested positive for alcohol. This indicated the group went to the High Dive with the intention of consuming alcohol. The hearing officer concluded plaintiff failed to submit sufficient evidence to warrant rescission or modification of the order of suspension and recommended plaintiff's petition be denied. On August 9, 2004, the Secretary adopted the hearing officer's findings of fact, conclusions of law, and recommendations, and denied plaintiff's petition.

On September 10, 2004, plaintiff filed a complaint in the Sangamon County circuit court seeking administrative review of the Secretary's decision.

## II. ANALYSIS

On appeal, plaintiff argues (1) the Secretary's decision was improper as a matter of law and (2) the Secretary abused his administrative discretion in not rescinding or substantially modifying the suspension. We agree with plaintiff's second argument.

Although neither party raises the issue, we initially note it can be argued this case is moot. The record indicates plaintiff's suspension was to end in March 2005. Further, Champaign dismissed the case against defendant after she paid her fines. Thus, the violation of the Municipal Code is no longer on her record. However, moot issues may be considered under the public-interest exception to the mootness doctrine. In re Louis S., 361 Ill. App. 3d 774, 777, 838 N.E.2d 226, 230 (2005). Inasmuch as the issue is the kind likely to recur and evade review given the short duration of the action, we conclude the case comes within a narrow exception to the mootness doctrine. See People v. Anderson, 167 Ill. App. 3d 308, 310, 521 N.E.2d 148, 149 (1988) (applying exception to mootness doctrine when summary suspension had already ended).

On appeal from the circuit court's judgment, we review the Secretary's decision and not that of the circuit court. See Gumma v. White, 345 Ill. App. 3d 610, 618, 803 N.E.2d 130, 137

(2003).

Section 6-206(a)(38) of the Vehicle Code gives the Secretary the discretion to suspend or revoke the driving privileges of a person under 21 years of age if that person is convicted of a violation of section 6-20 of the Liquor Control Act or a similar provision of a local ordinance. 625 ILCS 5/6-206(a)(38) (West 2002). As stated, the Secretary suspended plaintiff's driver's license for 12 months pursuant to section 6-206(a) of the Vehicle Code. Our research revealed no cases involving the suspension of a minor's license pursuant to section 6-206(a)(38) of the Vehicle Code. However, based on the facts present in this case, we conclude the Secretary abused his discretion under section 6-206(a) of the Act by suspending plaintiff's driving privileges for 12 months.

Section 1001.460(d) of Title 92 of the Illinois Administrative Code discusses requests for modification or revocations and suspensions of driving privileges and states the following in pertinent part:

"[t]he period of a discretionary suspension may be reduced for good cause shown. Factors to consider include prior revocations or suspensions *** and the seriousness of the offenses. The petitioner must demonstrate that he/she is a low risk for repeating his/her behavior in the future. Other factors may be considered by the hearing offi-

cer."  92 Ill. Adm. Code C1001.460(d) (Conway

Greene CD-ROM June 2003).

Here, plaintiff has no prior revocations or suspensions.  Plaintiff was not driving or even in a vehicle when approached by the police.  She voluntarily submitted to testing, thereby conducting herself in a manner favored by the law were she a driver under the zero-tolerance statute.  The offense to which plaintiff pleaded guilty is not a serious one in the City of Champaign's eyes, for it dismissed the complaint after plaintiff paid her fine.  Further, as discussed below, the 12-month suspension of plaintiff's driving privileges is a much harsher punishment than she would have received had she been driving with the same alcohol concentration in her system.

Although the zero-tolerance statute (625 ILCS 5/11-501.8 (West 2002)) is not at issue in this case, we look at it and the penalties for violating it for guidance.  We do this because the zero-tolerance statute punishes drivers plaintiff's age who drink alcohol and drive.

A minor who drinks and drives is more dangerous to himself or herself, and the public, than someone such as plaintiff who was not drinking and driving.  Yet the Secretary punished plaintiff four times more severely than the General Assembly saw fit to set the minimum punishment for a zero-tolerance offender who was drinking and driving but agreed to testing.

"The zero-tolerance statute, which came

into effect on January 1, 1995, is set forth

in section 11-501.8 of the Vehicle Code (625 ILCS 5/11-501.8 (West 1998)). The statute provides in subsection (a) that, if a person under the age of 21, while operating a motor vehicle on the public roads of this state, is arrested for _any_ traffic violation and the arresting officer 'has probable cause to believe that the driver has consumed any amount of an alcoholic beverage,' the driver 'shall be deemed to have given consent to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol content of the person's blood.' 625 ILCS 5/11-501.8(a) (West 1998). When the conditions in subsection (a) are met and the driver is asked to submit to testing, the driver must be warned that his driving privileges may be suspended if he refuses to submit to the testing or if he submits to the test and the test reveals an alcohol concentration greater that 0.00. 625 ILCS 5/11-501.8(c) (West 1998). After being warned, if the driver refuses to submit to testing or if he submits to testing and the testing establishes an alcohol concentration greater than 0.00, the officer 'shall immediately submit a

sworn report to the Secretary of State' certifying whether the driver submitted to testing or refused.  625 ILCS 5/11-501.8(d) (West 1998)."  (Emphasis in original.)  Gumma v. White, 216 Ill. 2d 23, 33, 833 N.E.2d 834, 840-41 (2005).

Section 6-208.2 of the Vehicle Code sets forth the provisions for restoration of driving privileges of persons under 21.  625 ILCS 5/6-208.2 (West 2002).  Unless a minor's suspension based upon consumption of alcohol by a minor or refusal to submit to testing has been rescinded by the Secretary in accordance with subsection (c)(3) of section 6-206 of the Vehicle Code (625 ILCS 5/6-206(c)(3) (West 2002)), a person whose privilege to drive has been suspended under section 11-501.8 is not eligible for restoration of the privilege until six months from the date of the suspension for refusal or failure to complete a test to determine alcohol concentration under section 11-501.8, or three months from the date of a suspension imposed following the minor's submission to a chemical test which disclosed an alcohol concentration greater than 0.00 under section 11-501.8.  625 ILCS 5/6-208.2(a)(1), (a)(2) (West 2002).

Further, in looking at this state's consent statute (625 ILCS 5/11-501.1 (West 2002)), our supreme court has stated the following:

"The implied-consent statute serves the legislative purpose of promoting highway

safety by assisting in the determination of whether drivers suspected of intoxication are in fact under the influence of alcohol. [Citation.] The threat of summary suspension for refusing to take a blood-alcohol test motivates drivers to take the test, thereby allowing the State to obtain objective evidence of intoxication." People v. Wegielnik, 152 Ill. 2d 418, 425, 605 N.E.2d 487, 490 (1992).

Thus, the implied-consent statute gives drivers motivation to cooperate with police and submit to chemical testing so that they avoid summary suspension. This reasoning applies equally under the implied-consent provision of the zero-tolerance statute (625 ILCS 5/11-501.8(a) (West 2002)).

As stated, we recognize plaintiff's license was not suspended under the zero-tolerance statute. Rather, plaintiff's license was suspended under section 6-206(a)(38) of the Vehicle Code, which gives the Secretary discretionary authority to suspend a person's driving privileges if she is convicted of a violation of section 6-20 of the Liquor Control Act or a similar provision of a local ordinance. 625 ILCS 5/6-206(a)(38) (West 2002).

If plaintiff had been driving and submitted to testing which disclosed a 0.005 alcohol concentration, she would be eligible for restoration of her driving privileges after three

months (625 ILCS 5/6-208.2(a)(2) (West 2002)); and if she was driving and refused to submit to testing, thus conducting herself in a manner disfavored by law, she would be eligible for restoration of her driving privileges after only six months (625 ILCS 5/6-208.2(a)(1) (West 2002)).  In fact, the penalty the Secretary imposed on plaintiff is equal to the penalty she would have received under the zero-tolerance statute had she been a driver who had been previously suspended under section 11-501.8 of the Vehicle Code and submitted to a test that disclosed an alcohol concentration greater than 0.00.  See 625 ILCS 5/6-208.2(a)(4) (West 2002).

The Secretary has clearly abused the discretion given to him by section 6-206 of the Vehicle Code.  The Secretary's exercise of his discretion should have been guided by the punishments set forth by the legislature that we described above for minor drivers who drink and drive.  We discern no rational reason for the Secretary's decision to more severely punish a nondriver who had a BAC of 0.005 than a driver with an equal BAC.

Plaintiff also challenges the constitutionality of the Secretary's action.  It is not clear to us under what theory plaintiff challenges the constitutionality of the Secretary's action; her arguments could be interpreted as (1) a proportionate-penalties argument, (2) an equal-protection argument, or (3) that section 6-206(a)(38) is unconstitutional as applied to her because her license was suspended for 12 months while the statutory penalty for somebody the same age as plain-

tiff who was driving an automobile and submitted to a Breathalyzer test that revealed a BAC over 0.00 is only 3 months. We need not address plaintiff's constitutional argument in light of our conclusion the Secretary abused his discretion in not modifying plaintiff's suspension. "[A] reviewing court will not address constitutional questions if the case may be disposed of on other grounds." People v. Wenger, 258 Ill. App. 3d 561, 567, 631 N.E.2d 277, 281 (1994).

## III. CONCLUSION

For the reasons stated, we reverse the circuit court's judgment.

Reversed.

APPLETON and COOK, JJ., concur.