# Illinois Official Reports

## Supreme Court

***Slepicka v. Illinois Department of Public Health*, 2014 IL 116927**

| | |
|---|---|
| Caption in Supreme Court: | MARY SLEPICKA, Appellant, v. THE ILLINOIS DEPARTMENT OF PUBLIC HEALTH *et al.*, Appellees. |
| Docket No. | 116927 |
| Filed | September 18, 2014 |
| Modified upon denial of rehearing | November 24, 2014 |
| Held (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a nursing home resident who was determined by the Department of Public Health to be subject to involuntary transfer or discharge sought administrative review in a circuit court of the wrong venue, jurisdiction was, nevertheless, not lacking, and the appellate court, when the cause reached it, should not have ordered a transfer for the circuit court of the proper venue to consider the matter again, but should address the merits. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Sangamon County, the Hon. John Schmidt, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. Cause remanded with directions. |

| Counsel on Appeal | Duane D. Young, of LaBarre, Young & Behnke, of Springfield, for appellant. |
| | |
| | Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Department of Public Health. |
| | |
| | Nicholas J. Lynn and Amy E. McCracken, of Duane Morris LLP, of Chicago, for appellee Holy Family Villa. |

| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1     The Illinois Department of Public Health (Department) determined that Mary Slepicka was subject to involuntary transfer or discharge from Holy Family Villa, the nursing home in which she resided. Slepicka sought administrative review of the Department's decision in the circuit court of Sangamon County. Holy Family Villa moved to dismiss or transfer the action because it had not been filed in the proper venue, as set forth in section 3-104 of the Administrative Review Law (735 ILCS 5/3-104 (West 2012)). The circuit court denied Holy Family Villa's motion and confirmed the Department's decision.

¶ 2     Slepicka appealed, and Holy Family Villa argued, in part, that the appeal should be dismissed because Slepicka's failure to file the administrative review action in a proper forum deprived the circuit court and the appellate court of jurisdiction to review the Department's decision. Finding that the circuit court had jurisdiction but that venue was improper, the appellate court vacated the circuit court's judgment and remanded the cause with the direction that it be transferred to the circuit court of Cook County for review of the Department's decision. 2013 IL App (4th) 121103. This court allowed Slepicka's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. July 1, 2013)), and Holy Family Villa and the Department seek cross-relief (Ill. S. Ct. R. 318(a) (eff. Feb. 1, 1994)). For the reasons that follow, we affirm in part, vacate in part, and remand the cause to the appellate court for review of the Department's decision.

## BACKGROUND

Mary Slepicka is a resident of Holy Family Villa, a skilled nursing facility in Palos Park, Illinois, which is in Cook County. On January 24, 2012, Holy Family Villa sent Slepicka a notice of involuntary transfer or discharge based on her alleged failure to pay for her stay at the facility. The notice advised Slepicka of her right to request a hearing before the Department within 10 days of receiving the notice, and a timely request for hearing was made on Slepicka's behalf.

On May 24, 2012, an administrative law judge (ALJ) for the Department presided over a hearing, which was conducted at Holy Family Villa. After the hearing, the Department's Assistant Director issued a final order approving the involuntary transfer or discharge of Slepicka unless the sums owed by her were paid in full.[1] The final order was mailed to the parties and their representatives from a post office in Springfield, which is in Sangamon County.

Slepicka timely filed a complaint for administrative review of the Department's decision in the circuit court of Sangamon County. Holy Family Villa filed a motion to dismiss or transfer the action, contending that Cook County was the only proper venue under section 3-104 of the Administrative Review Law (735 ILCS 5/3-104 (West 2012)). Slepicka opposed Holy Family Villa's motion, asserting that Sangamon County was a proper venue because the Department issued its final order from Springfield. The circuit court ruled that Sangamon County was a proper venue and denied Holy Family Villa's motion, but upheld the Department's final order allowing the involuntary discharge.

Slepicka appealed. Holy Family Villa argued that the appeal should be dismissed for lack of jurisdiction because the administrative review action had been filed in an improper venue. The appellate court held that Sangamon County was not a proper venue under section 3-104 of the Administrative Review Law, but rejected Holy Family Villa's argument that filing the action in an improper venue constituted a jurisdictional defect. 2013 IL App (4th) 121103, ¶¶ 23-26, 29-31.[2] The appellate court did not decide the merits of the appeal, but vacated the circuit court's judgment and remanded with directions to transfer the cause to the circuit court of Cook County for review of the Department's decision. *Id.* ¶ 42. This appeal followed.

## ANALYSIS

Before this court, Slepicka challenges the appellate court's judgment that Sangamon County was not a proper venue in which to file her administrative review action. Holy Family Villa seeks cross-relief, contending that the appellate court erred in holding that the

---

[1]The Director of the Department delegated to the Assistant Director the authority to issue a final order in the matter. See 210 ILCS 45/1-110 (West 2012) (providing that the Director may act through a designee); 77 Ill. Adm. Code 100.2 (2010).

[2]While the appeal was pending, a third party paid the balance due for services previously rendered to Slepicka during her stay at the facility. Holy Family Villa asserted that the appeal should be dismissed for mootness because the basis for the notice of involuntary transfer or discharge had been resolved. The appellate court determined the appeal was not moot because, if she prevailed, Slepicka could pursue recovery of the amounts that had been paid under protest. 2013 IL App (4th) 121103, ¶¶ 37-40.

circuit court of Sangamon County had jurisdiction to review the Department's decision, despite the fact that venue was improper. The Department also seeks cross-relief, arguing that the appellate court ruled correctly on the issues of venue and jurisdiction, but erred in vacating the circuit court's judgment and remanding with directions that it be transferred to the circuit court of Cook County for review of the Department's decision.

¶ 10 Generally, we consider issues relating to jurisdiction first. In this case, the question of whether the circuit court had jurisdiction is predicated on the assertion that venue was improper. Accordingly, we initially consider whether Sangamon County was a proper venue for Slepicka's action.

¶ 11                                    Proper Venue

¶ 12 The Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2012)) applies to and governs every action for judicial review of a final administrative decision where its provisions are expressly adopted by the statute creating or conferring power on the agency. 735 ILCS 5/3-102 (West 2012). The Nursing Home Care Act provides that "[a]ll final administrative decisions of the Department under this Act are subject to judicial review under the Administrative Review Law." 210 ILCS 45/3-320 (West 2012); see also 210 ILCS 45/3-713(a) (West 2012) (providing that actions to review final administrative decisions after a hearing are governed by the Administrative Review Law and must be filed within 15 days after receipt of the final agency determination). Therefore, an action seeking judicial review of a final decision by the Department to approve or disapprove an involuntary transfer or discharge is governed by the Administrative Review Law.

¶ 13 As noted above, the appellate court held that venue was improper because Sangamon County was not a permissible venue under the terms of section 3-104 of the Administrative Review Law (735 ILCS 5/3-104 (West 2012)). Because resolution of this issue presents a question of law involving statutory construction, our review is *de novo*. *Nelson v. Kendall County*, 2014 IL 116303, ¶ 22.

¶ 14 Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. *Id.* ¶ 23. The best evidence of legislative intent is the language of the statute itself, which must be given its plain, ordinary and popularly understood meaning. *Id.* Each word, clause and sentence of a statute must be given a reasonable construction, if possible, and should not be rendered superfluous. *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15. In determining the meaning of a statute, a court will not read language in isolation, but must consider it in the context of the entire statute. *In re Marriage of King*, 208 Ill. 2d 332, 343 (2003). Clear and unambiguous language will be enforced as written. *In re Karavidas*, 2013 IL 115767, ¶ 109. " 'Ambiguity is a creature not of definitional possibilities but of statutory context.' " *Italia Foods, Inc. v. Sun Tours, Inc.*, 2011 IL 110350, ¶ 17 (quoting *Brown v. Gardner*, 513 U.S. 115, 118 (1994)). If a statutory term has multiple dictionary definitions, each of which would make some sense in the statute, it is ambiguous and is open to interpretation. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 11 (2009); see also *National R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 418 (1992).

¶ 15 In addition, a court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one

way or another. *Chicago Teachers Union, Local No. 1*, 2012 IL 112566, ¶ 15. Moreover, courts will presume that the legislature did not intend to enact a statute that leads to absurdity, inconvenience, or injustice. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002).

¶ 16    Section 3-104 of the Administrative Review Law provides as follows:

"§ 3-104. Jurisdiction and venue. Jurisdiction to review final administrative decisions is vested in the Circuit Courts, except as to a final order of the Illinois Educational Labor Relations Board in which case jurisdiction to review a final order is vested in the Appellate Court of a judicial district in which the Board maintains an office. If the venue of the action to review a final administrative decision is expressly prescribed in the particular statute under authority of which the decision was made, such venue shall control, but if the venue is not so prescribed, an action to review a final administrative decision may be commenced in the Circuit Court of any county in which (1) any part of the hearing or proceeding culminating in the decision of the administrative agency was held, or (2) any part of the subject matter involved is situated, or (3) any part of the transaction which gave rise to the proceedings before the agency occurred. The court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 ILCS 5/3-104 (West 2012).

¶ 17    The Nursing Home Care Act does not prescribe any venue for an action to review a final decision relating to an involuntary transfer or discharge. Accordingly, the three-part test set forth in section 3-104 governs the determination of the appropriate venue in such actions.

¶ 18    In this case, the factors listed in the second and third prongs of that test indicate that venue was proper in Cook County. The second prong requires consideration of the subject matter of the administrative proceeding, which, in this case, was a proposed involuntary transfer or discharge of Slepicka from a skilled nursing facility located in Cook County. The third prong mandates examination of the transaction that gave rise to the proceedings before the agency. Here, the relevant transactions consisted of Slepicka's contract to reside in the skilled nursing facility, her stay there, and her failure to pay the balance due for her stay, all of which took place in Cook County. Thus, under these two prongs, venue is proper only in Cook County, and Slepicka does not contend otherwise.

¶ 19    In arguing that venue was proper in Sangamon County, Slepicka relies on the first prong of section 3-104's test, which provides that an action for administrative review may be brought in the circuit court of any county in which "any part of the hearing or proceeding culminating in the decision of the administrative agency was held." Citing to the various definitions of the word "hold" in Black's Law Dictionary, Slepicka claims that the appellate court erred in construing the past tense of that word. According to Slepicka, the term "held," as used in section 3-104, should be interpreted as meaning "to adjudge or decide as a matter of law," rather than "[t]o conduct or preside at; to convoke, open, and direct the operations of." Black's Law Dictionary 800 (9th ed. 2009). In Slepicka's view, since the Department's decision emanated from Sangamon County, venue was proper in that county. We disagree.

¶ 20    Although there are several definitions of the word "held," only the definition relating to "conduct[ing]" or "presid[ing] at" a hearing makes sense within the context of section 3-104 without rendering other language in that section meaningless. The phrase "culminating in the

decision of the administrative agency" specifically refers to the agency's decision. If "held" is interpreted to mean "adjudged" or "decided," as Slepicka advocates, that would mean that the legislature referred to the agency's decision twice in the same sentence. We cannot perceive any rational reason why the legislature would have done so, particularly where the repetition does not alter or enhance the substantive meaning of the provision. The deliberate inclusion of the "culminating" phrase necessarily reflects that the legislature intended to refer to something other than the making of the agency's decision when it inserted the word "held" in the first prong of section 3-104's test.

¶ 21　　Also, to construe "held" as meaning "adjudge[d] or decide[d]" would require that we read the word in isolation and ignore the clause that immediately precedes it, rendering that statutory language meaningless. Such a construction directly conflicts with the rule requiring that words in a statute be read in context, rather than in isolation, and without rendering any of the statutory language superfluous. *Chicago Teachers Union, Local No. 1*, 2012 IL 112566, ¶ 15; *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 26; *In re Marriage of King*, 208 Ill. 2d at 343. Consequently, we conclude that the word "held," as used in section 3-104, is not susceptible to two or more reasonable interpretations and must be construed as relating to the conduct of the administrative hearing or proceeding that formed the basis for the administrative decision.

¶ 22　　In a similar vein, Slepicka argues that her choice of venue was proper because the use of the word "proceeding" in section 3-104 must include the issuance of the administrative decision, which occurred in Sangamon County. In support, Slepicka cites a dictionary definition of "proceeding" describing that term as being " 'more comprehensive than the word "action," [and] it may include in its general sense all the steps taken *** in the prosecution or defense of an action, including the pleadings and judgment.' " Black's Law Dictionary 1324 (9th ed. 2009) (quoting Edwin E. Bryant, The Law of Pleading Under the Codes of Civil Procedure 3-4 (2d ed. 1899)). While we agree that this description is accurate in some contexts, our task is to determine whether the legislature intended the word "proceeding" to include the making and issuance of the agency's decision when it adopted the language of section 3-104. We conclude that the legislature did not intend such a construction.

¶ 23　　As explained above, if the term "proceeding" is construed to include the making and issuance of the agency's final administrative decision, then there is no logical reason for the legislature's insertion of the "culminating" phrase in the first prong of the test. Slepicka's interpretation renders that phrase a nullity. Since we will not read the statute in a way that renders words or clauses meaningless, the term "proceeding" does not relate to the making and issuance of the administrative decision. Rather, the phrase "hearing or proceeding" refers to the substantive administrative actions on which the administrative decision was premised.

¶ 24　　When considered in context, the plain language of section 3-104 demonstrates that neither the word "held" nor the word "proceeding" was intended to refer to the making of the final administrative decision or to the issuance of such a decision. Consequently, Slepicka's assertion that venue was proper in Sangamon County is not supported by the terms of that provision.

¶ 25　　Moreover, we agree with Holy Family Villa and the Department that acceptance of Slepicka's position could lead to forum shopping. Under the logic advanced by Slepicka, the

arbitrary and purely ministerial act of mailing a final administrative decision from a particular county would make that county a permissible venue, even where it bears no relationship to the matter addressed in the administrative proceedings. That approach runs counter to the language of section 3-104's three-part test, which reflects that venue is proper in a county that has a meaningful connection to the substantive administrative proceedings on which the decision was based. We do not believe the legislature intended such a result.

¶ 26   Lastly, Slepicka claims that Sangamon County must be a proper venue for judicial review of administrative decisions emanating from Springfield, the seat of Illinois's State government, which is located in that county. To support her "seat-of-government" argument, Slepicka relies on two cases: *Webb v. White*, 364 Ill. App. 3d 650 (2006), and *Hargett v. Civil Service Comm'n*, 49 Ill. App. 3d 856 (1977). That reliance, however, is misplaced. No issue as to the plaintiff's choice of venue was raised in either case, and neither opinion addresses the propriety of that choice. Also, as Holy Family Villa points out and Slepicka acknowledges, the opinions in *Webb* and *Hargett* do not indicate where the relevant administrative hearings took place. If the hearings were conducted in Springfield, then Sangamon County was an appropriate venue under the terms of section 3-104. Moreover, the *Webb* case involved an action for administrative review under the Illinois Vehicle Code, which specifies that venue is proper in Sangamon County. See *Webb*, 364 Ill. App. 3d 650; 625 ILCS 5/2-118(e) (West 2002). Thus, neither of the cases cited by Slepicka is dispositive of the issue presented here or aids her position.

¶ 27   In this case, the hearing on the notice of involuntary transfer or discharge was held in Cook County, and the record does not reflect that any other part of the administrative proceeding that formed the basis for the Department's decision took place in Sangamon County. Accordingly, the appellate court correctly determined that Sangamon County was not a permissible venue for the filing of Slepicka's administrative review action. Having found that venue was not proper in Sangamon County, we must decide the consequence of Slepicka's decision to file her action challenging the Department's decision in that county.

¶ 28                              Jurisdiction Under Section 3-104

¶ 29   Holy Family Villa argues on cross-appeal that section 3-104's mandate that an administrative review action be filed in a permissible venue is a jurisdictional requirement and that the failure to do so deprives the circuit court of subject matter jurisdiction. Holy Family Villa claims that, because Sangamon County was not a permissible venue for Slepicka's administrative review action, the circuit court lacked subject matter jurisdiction to address her challenge of the Department's decision and should have dismissed her complaint.

¶ 30   An argument challenging the subject matter jurisdiction of the circuit court presents a question of law that this court reviews *de novo*. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 26; see also *Board of Education of Roxana Community School District No. 1 v. Pollution Control Board*, 2013 IL 115473, ¶ 17 (addressing a question of the appellate court's jurisdiction to review an administrative decision on direct appeal). Also, because our resolution of this issue involves the construction of statutory provisions, our review is *de novo*. *Nelson*, 2014 IL 116303, ¶ 22.

¶ 31   Again, we look first to the language of the relevant statutory provisions (*id.* ¶ 23) and are guided by the principle that statutory language is not to be read in isolation and should be

considered in the context of the entire statute (*In re Marriage of King*, 208 Ill. 2d at 343). It is presumed that the legislature did not intend to enact a statute that leads to absurdity, inconvenience, or injustice. *Land*, 202 Ill. 2d at 422. Statutory language that is clear will be given effect without resort to other aids of construction. *Nelson*, 2014 IL 116303, ¶ 23.

¶ 32    Under the Illinois Constitution of 1970, circuit courts are granted original jurisdiction over all justiciable matters, except that circuit courts have the power to review final administrative decisions only as provided by law. Ill. Const. 1970, art. VI, § 9. The Administrative Review Law provides that it "shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts [its] provisions." 735 ILCS 5/3-102 (West 2012).

¶ 33    Sections 3-411 and 3-412 of the Nursing Home Care Act (210 ILCS 45/3-411, 3-412 (West 2012)) authorize the Department to approve or disapprove an involuntary transfer or discharge following a hearing requested by the resident (210 ILCS 45/3-410 (West 2012)). Section 3-320 of that statute expressly provides that "[a]ll final administrative decisions of the Department under this Act are subject to judicial review under the Administrative Review Law." 210 ILCS 45/3-320 (West 2012). Therefore, the jurisdiction to review a final administrative decision regarding an involuntary transfer or discharge from a nursing home is governed by the Administrative Review Law.

¶ 34    Section 3-102 of the Administrative Review Law provides that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2012). Because a circuit court exercises special statutory jurisdiction in reviewing an administrative decision, a party seeking such review must strictly comply with the procedures set forth in the Administrative Review Law. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 350 (2006). "If the statutorily prescribed procedures are not strictly followed, 'no jurisdiction is conferred on the circuit court.' " *Id.* (quoting *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985).

¶ 35    Here, it is undisputed that the complaint was timely filed, the proper defendants were named, and the summonses were properly served. See 735 ILCS 5/3-103, 3-105, 3-107 (West 2012). Holy Family Villa argues, however, that the circuit court lacked jurisdiction to review the Department's decision because the filing of Slepicka's administrative review action in an improper venue did not comply with the requirement that such actions be brought "in the manner" prescribed in the Administrative Review Law. In support of this argument, Holy Family Villa contends that, because circuit courts exercise special statutory jurisdiction when reviewing administrative decisions, the venue requirements set forth in section 3-104 are jurisdictional, and administrative review actions may not be transferred based on improper venue. According to Holy Family Villa, unless an administrative review action is timely filed in a permissible venue, the action must be dismissed for lack of jurisdiction. We do not agree.

¶ 36    Section 1-108(a) of the Code of Civil Procedure (Code) provides that the provisions contained in article II of the Code apply to article III proceedings (governing actions for administrative review), except as otherwise provided in article III. 735 ILCS 5/1-108(a)

(West 2012); *Rodriguez*, 218 Ill. 2d at 354. Section 2-104(a) states that "[n]o order or judgment is void because rendered in the wrong venue ***. No action shall abate or be dismissed because commenced in the wrong venue if there is a proper venue to which the cause may be transferred." 735 ILCS 5/2-104(a) (West 2012). Section 2-106(a) provides that "[i]f a motion to transfer is allowed on the ground that the action was commenced in a wrong venue, the cause shall be transferred to the court in a proper venue, subject to any equitable terms and conditions that may be prescribed." 735 ILCS 5/2-106(a) (West 2012). These two provisions, which are contained in article II of the Code, apply to proceedings under the Administrative Review Law, unless that statute provides otherwise. 735 ILCS 5/1-108(a) (West 2012). There is nothing in the Administrative Review Law that explicitly rejects the rules set forth in sections 2-104(a) and 2-106(a). Accordingly, those provisions apply to actions seeking review of a final administrative decision, and the filing of an action for administrative review in an improper venue does not deprive the circuit court of subject matter jurisdiction.

¶ 37    Indeed, this court recognized almost 50 years ago that administrative review actions may be transferred based on improper venue. In *Merit Chevrolet, Inc. v. Department of Revenue*, 33 Ill. 2d 207 (1965), the plaintiff car dealership filed an action for administrative review contesting a final tax assessment for retailers' occupation tax levied by the defendant Department of Revenue. *Id.* at 208. The plaintiff filed its complaint for administrative review in the circuit court of Du Page County, but the defendant moved to transfer the cause to the circuit court of Cook County, which was the county in which the plaintiff's principal place of business was located and in which venue was fixed by the governing statute. *Id.* at 208-09. The circuit court of Du Page County transferred the cause to the circuit court of Cook County, which confirmed the final tax assessment. *Id.* at 209. Thereafter, on the plaintiff's motion, the circuit court of Cook County expunged the judgment based on lack of subject matter jurisdiction because the administrative review action had not been timely filed in the proper venue. *Id.*

¶ 38    This court reversed and expressly rejected the argument that the failure to file an administrative review action in a permissible venue deprives the circuit court of jurisdiction. *Id.* at 212-13. Relying on the statutory precursors to sections 2-104(a), 2-106(a), 3-102, 3-104, and 1-108(a) (see Ill. Rev. Stat. 1963, ch. 110, ¶¶ 8, 10, 265, 268, 277), the court held that the venue provisions in the Code are applicable to actions for review of administrative decisions. *Merit Chevrolet*, 33 Ill. 2d at 211-13. The court noted that "[j]urisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. [Citations.]" *Id.* at 212. Observing that the circuit court of Du Page County had jurisdiction to hear actions seeking administrative review in sales tax cases, the *Merit Chevrolet* court concluded that the motion to transfer to the circuit court of Cook County was properly made under the predecessors to sections 2-104(a) and 2-106(a) of the Code. *Id.* at 213. The court further held that, because the action had been commenced in a court that had jurisdiction, the subsequent transfer of the cause did not abate the action. *Id.* Accordingly, the court reversed the order of the circuit court of Cook County expunging its judgment based on lack of jurisdiction and reinstated the judgment confirming the decision of the Department of Revenue. *Id.* at 214.

¶ 39     Holy Family Villa's attempt to distinguish *Merit Chevrolet* is unpersuasive. Although that case involved a specific venue provision in the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1963, ch. 120, ¶ 451 (now codified at 35 ILCS 120/12)), this factual difference is immaterial because section 3-104 specifically contemplates such a circumstance. We also note that Holy Family Villa acknowledged the applicability of sections 2-104(a) and 2-106(a) when it filed its motion requesting that Slepicka's action be dismissed or transferred to the circuit court of Cook County. Yet, Holy Family Villa now argues those sections do not allow the transfer of administrative review actions. In support of this contention, Holy Family Villa relies on the last sentence in section 3-104, which provides that "[t]he court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 ILCS 5/3-104 (West 2012). According to Holy Family Villa, this sentence precludes the transfer of an administrative review action based on improper venue. This argument is refuted by our decision in *Merit Chevrolet*, which expressly held that administrative review actions may be transferred to a proper venue, in accordance with the terms of the provisions that are now contained in sections 2-104(a) and 2-106(a). *Merit Chevrolet*, 33 Ill. 2d at 212-13.[3]

¶ 40     In addition, we find no support for Holy Family Villa's contention that administrative review actions may not be transferred based on improper venue. The cases cited by Holy Family Villa for this proposition, *In re Austin W.*, 214 Ill. 2d 31 (2005), and *People v. Grau*, 263 Ill. App. 3d 874 (1994), have no relevance here. *In re Austin W.* concerned a motion to modify a dispositional order regarding the custody and guardianship of a minor (*In re Austin W.*, 214 Ill. 2d at 33), and *Grau* concerned the criminal prosecution of traffic offenses (*Grau*, 263 Ill. App. 3d at 875). Neither of these cases was brought as an administrative review action. Also, neither case involved the question of whether a circuit court lacks subject matter jurisdiction to review an agency decision solely because the case was brought in an improper venue, and the decisions did not address the applicability of sections 2-104(a) and 2-106(a) of the Code to actions for administrative review. Rather, *In re Austin W.* and *Grau* relate to a circuit court's authority to order a particular type of relief. These cases merely hold that a circuit court does not have the authority to review an administrative decision when no complaint seeking review of such a decision is pending before the court. *In re Austin W.*, 214 Ill. 2d at 55-56; *Grau*, 263 Ill. App. 3d at 877. Although both cases observed that an administrative review action had been brought in another county, that circumstance was noted to highlight the fact that the action pending before the court was *not* one seeking administrative review. *In re Austin W.*, 214 Ill. 2d at 55-56; *Grau*, 263 Ill. App. 3d at 876, 877. In addition, though *Grau* makes reference to the "subject-matter jurisdiction" of the circuit court (*Grau*, 263 Ill. App. 3d at 877), careful examination of the reasoning in that case reveals that this phrase actually refers to the court's authority to order relief that invalidates an administrative decision, not to the jurisdiction of the court to hear the general class of

---

[3]We note that Slepicka and Holy Family Villa have cited appellate court opinions holding that the last sentence in section 3-104 prohibits the transfer of an administrative review action on the basis of *forum non conveniens*. See *Midland Coal Co. v. Knox County*, 268 Ill. App. 3d 485, 487-88 (1994); *Lefton Iron & Metal Co. v. Illinois Commerce Comm'n*, 146 Ill. App. 3d 799, 802-04 (1986). However, the issue of *forum non conveniens* is not involved in this case, and we need not decide whether these cases correctly ascertained the legislature's intent in adopting section 3-104's final sentence.

cases to which the action belonged. Consequently, *In re Austin W.* and *Grau* provide no support for Holy Family Villa's argument in this case.

¶ 41    Moreover, our interpretation of the interplay between these two Code provisions and section 3-104 of the Administrative Review Law is consistent with the well-established common law distinction between jurisdiction and venue. "Jurisdiction and venue are distinct legal concepts. Jurisdiction relates to the power of a court to decide the merits of a case, while venue determines where the case is to be heard. Statutory venue requirements are procedural only and do not have any relation to the question of jurisdiction." *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328 (1977) (citing *United Biscuit Co. of America v. Voss Truck Lines, Inc.*, 407 Ill. 488 (1950)); see also *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 40 (1990). It must be presumed that the legislature was aware of this generally accepted principle when the Administrative Review Law was enacted in 1945. See 67 C.J. *Venue* § 1, at 11 (1934) (observing that "[t]he distinction between 'jurisdiction' and 'venue' has been said to be plainly established and has frequently been recognized").

¶ 42    Also, the plain language of section 3-104 incorporates this long-standing distinction by treating the two concepts separately. The first sentence of section 3-104 deals solely with jurisdiction and vests jurisdiction to review administrative decisions in the circuit courts—referenced in the plural and without any specific geographic designation—with the exception of final decisions by the Educational Labor Relations Board, which are reviewed in the appellate court of the judicial district in which the Board maintains an office. 735 ILCS 5/3-104 (West 2012). The second and third sentences address venue exclusively by stating that any specification of venue in the governing statute will control, but, in the absence of such a specification, the three-part test discussed above is to be applied in determining proper venue. *Id.* Section 3-104 addresses jurisdiction and venue separately, demonstrating the legislature's recognition of the distinction between these two concepts.

¶ 43    For all of the foregoing reasons, we conclude that a circuit court is not deprived of jurisdiction to review an administrative decision because the action was filed in an improper venue.

¶ 44                                    The Proper Relief

¶ 45    Finally, we address the Department's request for cross-relief. According to the Department, the appellate court erred in vacating the circuit court's judgment and remanding the cause with directions to transfer the cause to the circuit court of Cook County for review of the Department's decision. We agree.

¶ 46    Because the circuit court of Sangamon County had jurisdiction to review the Department's decision, the judgment confirming the Department's decision was valid and subject to appeal as a matter of right. See Ill. Const. 1970, art. VI, § 6 (providing that final judgments may be appealed as a matter of right from the circuit court to the appellate court); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right."). As set forth above, section 2-104(a) of the Code provides that "[n]o order or judgment is void because rendered in the wrong venue." 735 ILCS 5/2-104(a) (West 2012). Pursuant to this provision, the judgment of the circuit court of Sangamon County was not rendered void merely because the action was filed in an improper venue. In light of this circumstance, the appellate court should have considered the merits of Slepicka's appeal

- 11 -

challenging the Department's decision.

¶ 47                                     CONCLUSION

¶ 48        For the reasons set forth above, we conclude that the appellate court correctly held that Sangamon County was not a permissible venue for Slepicka's administrative review action, but that circumstance did not deprive the circuit court of jurisdiction to review the Department's decision. We also find that it would be a waste of resources for both the judiciary and the parties to require the circuit court of Cook County to review the Department's decision again. Accordingly, we vacate the portion of the appellate court's judgment that vacated the circuit court's decision and remanded with directions that the cause be transferred, and we remand the cause to the Appellate Court, Fourth District, with the direction to review the Department's decision on the merits.

¶ 49        Affirmed in part and vacated in part.
¶ 50        Cause remanded with directions.